### JAMES PASSMORE v. THE STATE.

*No. 3416.   Decided December 6.*

**Assault to Rape—Fact Case.**—To constitute the offense of assault with intent to rape the offender must have committed the assault upon the female with the specific intent to rape, and with the intent, in order to accomplish his purpose, to use such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and the other circumstances of the case. See the opinion for the substance of evidence *held* insufficient to support a conviction for assault with intent to rape, inasmuch as it does not establish the specific intent.

APPEAL from the District Court of Shelby.   Tried below before E. B. Lewis, Esq., Special Judge.

The opinion sufficiently states the case.   The penalty assessed against the accused was a term of two years in the penitentiary.

*Davis & Lucky,* for appellant.

*W. L. Davidson,* Assistant Attorney-General for the State.

WILLSON, JUDGE.—This conviction is for an assault with intent to rape, and rests alone upon the testimony of the alleged injured female. Her testimony is uncorroborated except by the circumstance that she informed her husband of the assault on the evening of the day after said assault was made.   Her account of the assault is that it occurred at the defendant's house in the night, after she had gone to bed and was asleep. She was sleeping in the same room with the defendant and his wife.   She testified that when she awoke the defendant had unbuttoned and pulled down her drawers, was on top of her, and was performing the act of copulation upon her; that she put her hand upon him and asked who it was, and that he then got off of her and went back to his bed.   She testified previously before an examining court that all the defendant did was to unbutton and pull down her drawers.   She did not then testify that he got upon her and was having intercourse with her.   She made no outcry or alarm; remained at the house the balance of the night, and told no one what had occurred until the next evening, when she told her husband, who

had been absent from home during that day and the night on which she stated the assault had occurred.

We are of the opinion that the conviction is not warranted by the evidence. It does not appear that the assault, if an assault was in fact committed, was characterized by such force as is required to constitute this offense; that is, such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case. Penal Code, art. 529. It does not appear from the evidence that this character of force was intended to be used by the defendant, and hence he did not act with the specific intent to commit rape. Brown v. The State, 27 Texas Ct. App., 330. The writer dissents from the holding that in order to constitue an assault with intent to rape the character of force defined by article 529 of the Penal Code must be intended to be used by the assailant, but such is now the established law by the decisions of this court and this case must be controlled thereby.

Conceding that the testimony of the alleged injured female is entirely credible, it does not satisfactorily establish an assault accompanied by the specific intent to commit rape, but rather an assault with the intent to have carnal intercourse with the female by stealth and with her consent, or not in opposition to resistance on her part. As soon as she protested or manifested want of consent he desisted and left her without, so far as the testimony shows, having accomplished the carnal intercourse.

Upon the evidence as presented to us we do not think the conviction should be affirmed, and the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Hurt, J., absent.