## J. R. Higgins v. The State.

### No. 5824.   Decided May 26, 1920.

**1.—Rape—Sufficiency of the Evidence.**

Where, upon trial of rape, the evidence was sufficient to sustain the convicted, on a proper charge of the court, there was no reversible error on that ground.

**2.—Same—Evidence—Other Transactions—Rebuttal.**

Upon trial of rape, where the defendant had introduced evidence that he was not in physical condition to commit rape on the particular date alleged in the indictment, the State could not show in rebuttal that some two months thereafter the appellant had made a similar assault upon the sister of prosecutrix, it not being shown that the same conditions existed, and the same was reversible error.

Appeal from the District Court of Hall. Tried below before the Honorable J. A. Nabers.

Appeal from a conviction of rape; penalty: fifteen years imprisonment in the penitentiary.

The opinion states the case.

*A. E. Cole* and *R. H. Templeton,* for appellant.—On question of other offenses: Denton v. State, 42 id., 429; Monroe v. State, 56 id., 445.

*Alvin M. Owsley,* Assistant Attorney General, for the State. Cited Anderson v. State, recently decided.

MORROW, Judge.—The conviction is for rape, with punishment fixed at confinement in the penitentiary for fifteen years.

The subject of the rape was the daughter of appellant, under eighteen years of age. At the time of the trial, she and her younger sister were married women. The prosecutrix testified to the act of intercourse, claiming that it took place on the 2nd day of July, while she and her sister were in bed together. She claimed to have been unwilling, and to have made some resistance. The conviction, however, is upon the theory of her consent. The sufficiency of the evidence is assailed, and circumstances, including a motive for fabrication on the part of the prosecutrix and her sister and the denial of the act by the appellant, are pointed out. We deem it unnecessary to discuss the facts further than to say that the definite testimony of the prosecutrix to the offense is not overcome, as a matter of law. It was the duty of the trial court to submit the issue to the jury, and the duty of this court under the facts, so far as the question of the sufficiency of the evidence is concerned, to uphold it.

The State introduced, over the objection of the appellant, the evidence of the sister of the prosecutrix that on the 7th day of September, following the alleged offense, the appellant made an indecent assault upon her. The State attempts to justify the admission of this evidence upon the theory that it was the proper rebuttal of evidence introduced by the appellant showing his physical condition. The evidence of his physical condition was that of the doctor, who testified that he had examined the appellant shortly before the 2nd of July, and that at that time he was suffering from certain ailments which rendered it not impossible but improbable that he would have a desire for sexual intercourse. As we understand the record, the ailments of which he was complaining were not of a permanent nature. The doctor had made no further explanation of them prior to the date upon which the assault upon the sister of the prosecutrix was made. There is evidence that in the meantime his physical condition had improved; in fact, the record, as we view it, rather negatives the idea that his condition upon the 7th day of September was similar to that described by the evidence as existing on the 2nd day of July, at the time the offense charged was committed. It sometimes happens that proof of a separate and distinct criminal act similar to that involved in the prosecution becomes admissible in evidence to controvert some defensive theory advanced by the accused. Wharton's Crim. Evidence, vol. 1, sec. 41. In the instant case this principle might be invoked in support of the ruling of the court if at the time of the subsequent act the conditions existing at the time of the commission of the offense prevailed. Since, however, according to the evidence such maladies as were claimed to have reduced the appellant's vitality to a degree which rendered it improbable that he was in a physical condition on the 2nd of July to have committed the offense were not shown to have continued during the two months intervening before the time of the subsequent alleged assault upon another party, we think the evidence was not relevant, and that its admission was error. The harmful nature of the proof of other offenses is recognized; see Underhill on Crim. Evidence, sec. 87; and such evidence is to be received only when brought clearly within some defined exception to the rule excluding it.

This condition is not met in the instant case, and we regard the error committed and pointed out as harmful to a degree that requires a reversal of the judgment, which is ordered.

*Reversed and remanded.*