EUGENE HAYGOOD V. THE STATE.

No. 9489.  Delivered Dec. 2, 1925.

Rehearing denied the State June 9, 1926.

1.—Rape—Evidence—Improperly Admitted—Error Not Waived. .

Where, on a trial for rape, the state was permitted to prove over the objection of appellant, that on the same afternoon on which the alleged act

of intercourse by appellant with prosecutrix, Esther Tabor, occurred, the appellant had attempted to have intercourse with her sister, Lena Tabor, this testimony was clearly not admissible, being an extraneous offense. In qualifying appellant's bill the court states that he admitted this testimony through a mistaken belief that the witness, Lena Tabor, was the prosecutrix, and before his main charge was delivered, stated to appellant's counsel that he would charge the jury to disregard it, but that counsel objected to his doing so. This action of the court did not cure the error in admitting the testimony.

### ON REHEARING BY STATE.

2.—Same—No Error Disclosed.

The state has presented a motion for a rehearing in this case, and we have again examined the questions discussed in our original opinion, and in our judgment a proper disposition has been made of them, and the motion for rehearing by the State is in all things overruled.

Appeal from the District Court of Jones County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction of rape, penalty ten years in the penitentiary.

The opinion states the case.

*Roy L. Duke* of Abilene, *Lon Brooks* of Anson, *Stinson, Coombes & Brooks* of Abilene, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is rape, punishment fixed at confinement in the penitentiary for a period of ten years.

The subject of the rape was Esther Tabor, a girl under fifteen years of age. Appellant visited the home of the prosecutrix, and she and her older sister went riding with the appellant in his automobile. After proceeding some distance, a young man by the name of Jones got into the car. It seems that Jones hid in the car until they had passed the home of the brother of the prosecutrix, after which he and the prosecutrix sat together on the back seat of the car. The car was stopped on a creek and the parties took a walk along the bank of the creek. They afterwards got back in the car and went riding, during which the prosecutrix kissed the appellant. After dark the car was stopped again. According to her testimony, she had intercourse with the appellant with her consent.

Appellant testified and denied that he had intercourse with

the prosecutrix. It seems from the testimony that Jones, Lena Tabor, Esther Tabor, and the appellant spent the larger portion of the day and a part of the night together. According to Esther Tabor, she and the appellant had intercourse late in the afternoon, after dark. It was shown by the state's testimony and by all the testimony that during the afternoon the parties separated and while so separated, Lena Tabor and the appellant took a walk in company with each other. This was at a time when Jones and the prosecutrix, Esther Tabor, were walking in a different part of the woods.

Lena Tabor was permitted to testify as follows:

"While me and Hagood was there, and after we got out of the car and walked down the creek and out of sight of the car and had remained down there a good while, Hagood tried to have intercourse with me and he kept on and I told him 'No,' he couldn't, that I was not going to do any such thing."

Appropriate objections were urged against this testimony, and from the bill of exceptions, it appears to have been improperly received. In qualifying the bill of exceptions to its admission in evidence, the trial judge said that at the time he admitted the testimony, he was under the impression that the witness who gave the testimony was the prosecutrix in the case; that when he went to prepare his charge, he discovered his mistake; that no mention had been made to strike out the testimony, and that being doubtful as to its admissibility, he told appellant's counsel that he would instruct the jury in his main charge that the testimony should not be considered. From the qualification we take the following quotation:

"The counsel for defendant then stated to the court that the injury had already been done and that to withdraw the testimony or limit it in any way would only serve to emphasize the same. The court replied, 'Perhaps so'—. For this reason the testimony was not withdrawn or limited by the court, that is, because the defendant objected to the court doing so."

If the record is understood by this court, the impropriety of receiving the testimony mentioned is clear. It tended to prove against the accused an assault to rape the sister of the prosecutrix, a girl also under the age of consent. Its receipt was opposed to the well-known and often applied rule of evidence excluding collateral offense or transactions not admissible under some exceptions to the rule. See Underhill's Crim. Evidence, 3rd Ed., Sec. 150. The fact that the testimony

came in through a mistake of the trial judge did not render it less harmful to the appellant. Prompt objection to its introduction was interposed and exception reserved to its receipt. The responsibility for its presence in the record was upon the prosecution and was not shifted to the appellant. If the trial judge thought it could be withdrawn, it was within his power to instruct the jury to disregard it. If he had pursued this policy, and appellant had excepted to the instruction, a different question might arise. The reply of counsel to the court, as indicated by the explanation to the bill of exceptions, doubtless reflected the opinion of counsel, to which the court, on request, was entitled. In expressing his opinion that the harm was incurable, the error in receiving the testimony was not waived.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of the state's motion for rehearing we have again examined the questions discussed in our original opinion. In our judgment proper disposition has been made of them.

The motion for rehearing is overruled.          *Overruled.*