# DECEMBER 4, 1940

S. BIELECKI V. THE STATE.

No. 21285. Delivered December 4, 1940.

The opinion states the case.

*Gaston H. Wilder, Jr.*, of Beaumont, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is aggravated assault; the punishment, a fine of one hundred dollars and confinement in jail for ninety days.

The injured party, Clara Dean Dionne, was approximately six years old at the time of the alleged offense. She testified that appellant took her into a garage, and after exposing his male organ, placed his hand on her female organ. She declared that he did not hurt her. According to her testimony, she reported the matter to her stepmother. Mrs. Dionne testified that the injured party reported appellant's misconduct to her. Testifying in his own behalf, appellant said: "I understand that I have been accused of indecent fondling of this young girl, the daughter of Dionne, and I will say that it is not true, that I did not do such a thing."

It is shown in bill of exception No. 2 that counsel for the State asked Frances Ann Miller, a girl about seven years of age, the following question: "Sometime ago did he (meaning the defendant) do anything to you?" The question was timely and properly objected to, but before the court had the opportunity to rule upon such objection the witness answered in the affirmative. Obviously, the question and answer advised the jury that appellant had been guilty of indecently fondling the person of a child other than the injured party. Such testimony was not admissible under any exception to the rule excluding collateral offenses. See Hagood v. State, 284 S. W. 547. Hence the bill of exception reflects error, and, under the circumstances reflected by the record, we would not feel warranted in holding such error to be harmless.

We doubt whether the injured party was shown to be a competent witness. It has been observed that she was only six years of age. It is well settled that children, who, after being examined by the court, appear not to possess sufficient intellect to relate transactions with respect to which they are interrogated, or who do not understand the obligation of an oath, are incompetent witnesses. See Jimenez v. State, 280 S. W. 829. A thorough examination of the witness might have shown her to be competent. However, the examination shown in the present record is not deemed sufficient to reflect that she possessed sufficient intelligence to relate the transactions concerning which she was interrogated or that she understood the obligation of an oath.

Because of the first error herein discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.