## LOVELY v. UNITED STATES.

### No. 5740.

Circuit Court of Appeals
Fourth Circuit.
Aug. 10, 1948.

James F. Dreher and David W. Robinson, both of Columbia, S. C., for appellant.

Louis M. Shimel, Asst. U. S. Atty., of Charleston, S. C., and Henry H. Edens, Asst. U. S. Atty., of Columbia, S. C. (Ben Scott Whaley, U. S. Atty., of Charleston, S. C., on the brief), for appellee.

Before PARKER and DOBIE, Circuit Judges, and BARKSDALE, District Judge.

PARKER, Circuit Judge.

This is an appeal from a sentence of life imprisonment in a rape case. The jurisdiction of the federal courts rests on the fact that the crime was alleged to have been committed on the Federal Reservation at Fort Jackson, South Carolina. Error is alleged in the admission of testimony and in the charge of the court to the jury, the principle error relied on being the admission of testimony that the accused committed rape upon another woman several weeks prior to the crime alleged in the indictment.

According to the testimony of the prosecutrix, accused took her to the officers club at Fort Jackson, where he tried to induce her to drink with him, and later drove with her in his automobile to a lonely spot on the federal reservation where he proposed

388

sexual intercourse and, when she would not consent, proceeded to rape her. His version of the matter was that she consented to the intercourse. There is no reason here to go into the details of the testimony. It is enough to say that sufficient evidence was introduced by the government to warrant the jury in convicting of rape but that, on the other hand, there was evidence which, if accepted by the jury would have required an acquittal. The question was one of fact, with much dependent upon what weight was accorded the testimony of the accused. Before he testified, the sole issue in the case was whether he had carnal knowledge of the prosecutrix forcibly and against her will. After his testimony, the carnal knowledge being admitted, the only issue was whether it was with her consent.

After the prosecutrix had testified to all the circumstances of the rape by the accused, the prosecution introduced a statement which he had made to an official of the Federal Bureau of Investigation, admitting that he had had the prosecutrix out with him in his automobile on the night in question but denying that he had had sexual intercourse with her. The prosecution was then allowed, over the objection of accused, to introduce the testimony of another woman to the effect that accused had taken her out in his car and raped her on the Fort Jackson reservation about fifteen days prior to the alleged rape on the prosecutrix, and to go into the circumstances as fully as though that case were on trial. The Court stated that this evidence was admitted to prove "identification, guilty knowledge, intent, motive, scheme or plan", and in charging the jury, said that it was admitted for the purpose of proving "identity, intent, motive, guilty knowledge, or of showing a plan or scheme or bent of mind or design of defendant".

■ We think there can be no question but that the admission of this testimony was reversible error. There was no issue of identity in the case, nor of knowledge, motive or intent, and the crime was not of the sort, like a stock swindling scheme or murder for insurance, where the commission of other crimes may tend to establish a plan from which the crime charged can be said to have resulted. The accused had admitted that he had had prosecutrix out in his car on the occasion in question and she had testified that he had ravished her at that time. There was no suggestion that anyone else had ravished her; and upon his statement to the F. B. I., the only question was whether he had had carnal knowledge of her forcibly and against her will. The fact, if it was a fact, that he had ravished another woman some weeks before, threw no light whatever on that question. It showed merely that he was a bad man, likely to commit that sort of crime; and this is precisely what the prosecution is not allowed to show in a criminal case.[1] Of what avail would be the rule that the character of a defendant on trial may not be attacked unless he puts it in issue, or that an accused's denial on cross examination of criminal conduct inquired about for purpose of impeachment may not be contradicted except by the record of conviction, if it were permissible to introduce parol evidence of other crimes merely for the purpose of showing the accused to be a man of bad character likely to commit the crime charged?

■■ It is true, of course, that evidence which has a reasonable tendency to establish the crime charged in the indictment is not rendered inadmissible merely because it establishes another crime; and the question which arises with respect to this sort of evidence is whether or not it has such tendency. In ordinary cases, it is perfectly clear that evidence of other crimes committed by the accused has no such tendency and is properly excluded as irrelevant. Evidence of the commission of similar offenses closely related in time and place may, however, be relevant on such matters as identity, guilty knowledge, motive or intent, where these are in issue, or may tend to establish a criminal plan or design out of which the crime charged has originated; but it is well settled that such evidence is not admissible where it has no relevance or probative value except in so far as it

---

1 Zoline Fed. Crim.Law and Procedure sec. 357; Railton v. United States 5 Cir. 127 F.2d 691; Fish v. United States 1 Cir. 215 F. 544, 551, L.R.A.1915a, 809; State v. Raymond 53 N.J.L. 260, 265, 21 A. 328, 330.

may show a tendency or likelihood on the part of the accused to commit the crime. See articles by Professor Stone, 46 Harvard Law Review 954 and 51 Harvard Law Review 988; Sutherland v. United States, 4 Cir., 92 F.2d 305, 308; Simpkins v. United States, 4 Cir., 78 F.2d 594; Breedin v. United States 4 Cir., 73 F.2d 778; Boyd v. United States 142 U.S. 450, 12 S.Ct. 292, 295, 35 L.Ed. 1077. Directly in point is the case last cited, where a murder had been committed in the course of a robbery and proof of guilt of robberies on other occasions was admitted against the defendants, on some such contention of identity and intent as is advanced here. In reversing the conviction and ordering a new trial, the court, speaking through Mr. Justice Harlan said:

"Those robberies may have been committed by the defendants in March, and yet they may have been innocent of the murder of Dansby in April. Proof of them only tended to prejudice the defendants with the jurors, to draw their minds away from the real issue, and to produce the impression that they were wretches whose lives were of no value to the community, and who were not entitled to the full benefit of the rules prescribed by law for the trial of human beings charged with crime involving the punishment of death."

The rule which thus forbids the introduction of evidence of other offenses having no reasonable tendency to prove the crime charged, except in so far as they may establish a criminal tendency on the part of the accused, is not a mere technical rule of law. It arises out of the fundamental demand for justice and fairness which lies at the basis of our jurisprudence. If such evidence were allowed, not only would the time of courts be wasted in the trial of collateral issues, but persons accused of crime would be greatly prejudiced before juries and would be otherwise embarrassed in presenting their defenses on the issues really on trial. In the case at bar for instance, not only was the trial prolonged by controversies foreign to the issue before the jury, but accused was called upon to defend another charge of rape, while his hands were full defending the charge contained in the indictment, and the jury was necessarily given the impression, although his character had not been placed in issue, that he was a bad man who had been guilty of other crimes and who might well be convicted on that account. As was well said in the leading opinion in the celebrated Molineux case, People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 293, 62 L.R.A. 193:

"The general rule of evidence applicable to criminal trials is that the state cannot prove against a defendant any crime not alleged in the indictment, either as a foundation for a separate punishment, or as aiding the proofs that he is guilty of the crime charged. 1 Bishop, New Crim.Proc. § 1120. This rule, so universally recognized and so firmly established in all English-speaking lands, is rooted in that jealous regard for the liberty of the individual which has distinguished our jurisprudence from all others, at least from the birth of Magna Charta. It is the product of that same humane and enlightened public spirit which, speaking through our common law, has decreed that every person charged with the commission of a crime shall be protected by the presumption of innocence until he has been proved guilty beyond a reasonable doubt. This rule, and the reasons upon which it rests, are so familiar to every student of our law that they need be referred to for no other purpose than to point out the exceptions thereto."

And in the dissenting opinion of the Chief Justice in that case, it was said with equal force.

"There is no controversy in this court—nor out of it, so far as I know—touching the general rule that evidence of the commission by him of other crimes is not admissible upon the trial of a defendant charged with crime. It is only on rare occasions that proof of the commission of another crime by a defendant is either necessary or helpful towards establishing the crime with which he is charged. Hence, the evidence is ordinarily irrelevant, while at the same time its admission would necessarily operate to so prejudice a jury against a defendant as that in a doubtful case it might control the verdict."

■ While evidence of other similar offenses is held admissible for the purpose of establishing intent in cases of assault with intent to commit rape (Wigmore on Evidence, 2d ed., sec. 357), and evidence of other offenses of like character is admissible in prosecutions for crime involving a depraved sexual instinct (See Bracey v. United States, 79 U.S.App.D.C. 23, 142 F. 2d 85), the overwhelming weight of authority is that such evidence is not admissible in prosecutions for rape.[2] The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. Acts showing a perverted sexual instinct are circumstances which with other circumstances may have a tendency to connect an accused with a crime of that character. The fact that one woman was raped, however, has no tendency to prove that another woman did not consent.

■■ It is argued that since the defendant might have been convicted of assault with intent to rape under this indictment, it was proper to admit any evidence that would have been proper on a prosecution for assault with intent to rape. The answer is that this was not a prosecution for assault with intent to rape and every one so understood. Until the accused admitted the intercourse with prosecutrix, the issue in the case was two fold, whether he had had carnal knowledge of her and, if so, whether it was forcibly and against her will. After he admitted the intercourse, there was only the issue of consent. At no time was there any question of assault with intent. The accused was either guilty of rape or not guilty; and his case should not have been prejudiced by evidence of a crime committed against another woman, on the theory that it might show the intent of an assault not accompanied by rape, when no one contended that any such assault had occurred. The trial of criminal prosecutions is a practical matter; and, unless the law is to be stultified, the admissibility of evidence is to be decided in the light of the case as it is presented, not in the light of what theoretically might have been presented under the indictment but was not presented.

■■ Equally specious is the contention that the evidence was admissible on the question of identity. The question in the case was not who ravished the prosecutrix but whether or not she had been ravished at all. The fact that accused had denied in his statement to the F. B. I. that he ravished her, did not justify the admission of testimony that he had ravished another woman, on the theory that the prosecutrix had been ravished by an unknown person and such evidence would tend to identify the ravisher. The right of persons accused of crime to have the evidence confined to the issues on trial cannot be nullified by any

[2] 44 Am.Jur. p. 948; 22 R.C.L. p. 1204; 22 C.J.S., Criminal Law, § 691, pp. 1165, 1168; note 8 Ann.Cas. 460; 18 Ann.Cas. 443; Ann.Cas.1915D 164; 167 A.L.R. 595; Walker v. State, 23 Ariz. 59, 201 P. 398; State v. Irwin, 9 Idaho 35, 71 P. 608, 60 L.R.A. 716; State v. Larsen, 42 Idaho 517, 246 P. 313; Janzen v. People, 159 Ill. 440, 42 N.E. 862; Cargill v. Com., 13 S.W. 916, 12 Ky. Law Rep. 149; Hurst v. Com., 212 Ky. 39, 278 S.W. 166; People v. Gengels, 218 Mich. 632, 188 N.W. 398; State v. Friend, 151 Minn. 138, 186 N.W. 241; State v. Horton, 247 Mo. 657, 153 S.W. 1051; State v. Bowman, 272 Mo. 491, 199 S.W. 161; State v. Lapage, 57 N.H. 245, 24 Am.Rep. 69; State v. Hersom, 84 N.H. 433, 152 A. 276; People v. O'Sullivan, 104 N.Y. 481, 10 N.E. 880, 58 Am. Rep. 530; Quinn v. State, 54 Okl.Cr. 179, 16 P.2d 591; Williams v. State, 68 Okl.Cr. 348, 98 P.2d 937; State v. Put-ney, 110 Or. 634, 224 P. 279; State v. Poole, 161 Or. 481, 90 P.2d 472; State v. La Mont, 23 S.D. 174, 120 N.W. 1104; Walker v. State, 103 Tex.Cr.R. 555, 281 S. W. 1070; Bridewell v. State, 134 Tex.Cr. R. 77, 114 S.W.2d 259; State v. Williams, 36 Utah 273, 103 P. 250; State v. Thompson, 14 Wash. 285, 44 P. 533; Birmingham v. State, 228 Wis. 448, 279 N.W. 15, 116 A.L.R. 554; Rex v. Paul, 5 Dominion L.Rep. 347 (Alberta, Canada). Subsequent Acts: People v. Gibson, 255 Ill. 302, 99 N.E. 599, 48 L.R.A.,N.S., 236; People v. Thompson, 212 N.Y. 249, 106 N. E. 78; Landon v. State, 77 Okl.Cr. 190, 140 P.2d 242; Porath v. State, 90 Wis. 527, 63 N.W. 1061, 48 Am.St.Rep. 954. Contra: Johnson v. State, 242 Ala. 278, 5 So.2d 632; Merritt v. State, 168 Ga. 753, 149 S.E. 46; Suber v. State, 176 Ga. 525, 168 S.E. 585; Barkley v. State, 190 Ga. 641, 10 S.E.2d 32.

such unrealistic hypothesis. It is well settled that, where identity is not in issue, it is improper to admit evidence of other crimes on the theory of proving identity. See 20 Am.Jur. p. 293 and cases cited.

Nor is there anything in the contention that the evidence was admissible to establish a plan or scheme. For the evidence to be admissible under this theory it must fall within the rule well stated in 20 Am.Jur. 296, as follows:

"Evidence of other crimes is competent in a criminal trial to prove the specific crime charged when it tends to establish a common scheme, plan, or system embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, notwithstanding the general rule excluding evidence which shows, or tends to show, that the accused has committed another crime wholly independent of that for which he is on trial. In other words, the law permits proof of a plan or scheme to commit a series of crimes including the one for which the accused is being tried, and, as tending to show the existence of such plan or scheme, it allows testimony of the commission of crimes other than the one charged, but so related in character, time, and place of commission as to tend to support the conclusion that there was a plan or system which embraced both them and the crime which is charged."

To bring evidence of other offenses within this rule, the test is not whether they have certain elements in common with the crime charged, but whether they tend to establish a preconceived plan which resulted in the commission of that crime. Wigmore on evidence 2d ed. sec. 300; State v. Lapage, 57 N.H. 245, 289, 24 Am.Rep. 69. The fact that the other woman testified that she was raped by the accused and that the rape had certain incidents in common with the rape for which accused was on trial, had no more tendency to establish a plan or scheme within the meaning of the rule than similar incidents of a prior homicide or burglary would render evidence thereof admissible on a trial for those offenses. See Boyd v. United States, supra.

And we think that error was committed to the prejudice of defendant when the jury was instructed that a person sentenced to life imprisonment was eligible to parole after fifteen years. The jury had nothing to do with the punishment of the defendant, except that under the statute they might decide whether or not he should be given capital punishment; and to charge as to eligibility for parole after fifteen years was to becloud the issue before them and open the way to a compromise verdict. What they were to decide was whether defendant was guilty or not and, if so, whether he should be given capital punishment. Whether he should be paroled after fifteen years, if not given capital punishment, was a matter which they could not decide and which should not have been called to their attention, even though they were told at the same time that they had nothing to do with it. See Ryan v. United States, 8 Cir., 99 F.2d 864; Coward v. Com., 164 Va. 639, 178 S.E. 797.

It is contended that the trial judge erred in marshalling the evidence to the prejudice of the defendant. We have read the charge carefully, and do not think that it is subject to this exception. We note that the exceptions to the charge were not made in the absence of the jury as the law contemplates. Federal Rules of Criminal Procedure, rule 30, 18 U.S.C.A. following section 687. Ordinarily, failure to observe the requirements of this rule will be held sufficient ground for granting a new trial, unless it affirmatively appears that no prejudice resulted therefrom; for counsel should not be required in the presence of the jury to place themselves in the attitude of apparent antagonism to the trial judge which is involved in excepting to the charge. Since we are granting a new trial upon other grounds, however, it is not necessary that we make any ruling upon the matter here. We mention it to call attention to our view that the requirements of the rule, which was adopted after most careful consideration, must be strictly observed.

For the reasons stated, the judgment appealed from will be reversed and the case will be remanded to the end that accused may be granted a new trial.

Reversed and remanded.