RICHARD YOUNG v. STATE.

No. 26,606. November 11, 1953.

*Reynold M. Gardner*, Amarillo, for appellant.

*Floyd H. Richards*, District Attorney, Dalhart, and *Wesley Dice*, State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is a violation of Article 535c, P. C. (Indecent exposure to child); the punishment, fifteen years.

Section 1 of said Article reads as follows:

"It shall be unlawful for any person with lascivious intent to knowingly and intentionally expose his or her private parts or genital organs to any other person, male or female, under the age of sixteen (16) years."

In view of our disposition of the cause, a recitation of the facts will not be deemed necessary other than to state that two boys under the age of 16 years testified that the appellant, while in an automobile on a country road, exposed his private parts and caused each of them, first one and then the other, to masturbate him.

The appellant did not testify nor offer any witnesses in his behalf.

Carl Wayne Davis and Wyley Dickson, two other boys not present on the occasion of the act upon which this prosecution is predicated, testified that the appellant had committed acts of sodomy upon them.

The district attorney offered the testimony as to these extraneous offenses for the limited purpose of proving that appellant exposed his private parts to the prosecuting witness Lewis McCutchen with lascivious intent, but the testimony was not so limited by the court in his charge to the jury.

The state seeks to justify the introduction of these extraneous offenses on the grounds that such acts were evidence that the exposure for which the appellant was then being tried was made with lascivious intent. The state had proved the lascivious intent when it proved that the boys were caused to masturbate the appellant, and it is therefore obvious to us that the proof of such extraneous offense was not offered solely to establish such intent, but was offered to prove that the appellant was a criminal generally.

The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the state's pleading and not on some collateral crime, or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions.

Watson v. State, 146 Tex. Cr. Rep. 425, 175 S. W. 2d 423, supports appellant's position that the state may not, in developing its case in chief, prove extraneous offenses committed by the defendant, though involving a similar intent to the transaction for which he is on trial.

We conclude that the trial court fell into error when he permitted proof of extraneous offenses during the development of the state's main case.

For the error pointed out, the judgment of the trial court is reversed and the cause remanded.