ELI JACKSON BUTLER, JR. V. STATE

No. 34,036. January 3, 1962

Aubrey H. Poole, Houston 24, for appellant.

Frank Briscoe, District Attorney, Carl E. F. Dally, Edward D. Michalek, Jr., Assistants District Attorney, Houston, and Leon Douglas, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 30 days in jail and a fine of $200.

About 11:25 P.M. on November 6, 1960, State Highway Patrolman J. W. Wilson and Bob H. Smith stopped appellant, who was driving a 1960 Olsmobile on the highway. They each testified that they observed the automobile swerve back and forth upon the highway and followed it; that appellant was "driving all over the roadway, back and forth." The stopped the patrol car behind him.

According to the testimony of the officers, Patrolman Wilson went up to appellant's car to talk to him. Appellant got out and was "very unsteady on his feet." When asked to produce his driver's license, appellant had great difficulty in finding it in his billfold. Officer Wilson detected the odor of alcohol on appellant's breath; the manner of his speech was broken; he was very slow of speech. Appellant told Officer Wilson that he had been drinking whisky — "an appreciable amount."

Officer Smith's description of appellant's condition was "he could not walk without holding on to the car. * * * He couldn't stand alone at the time" * * * he was a "little thick-tongued"; was hard to understand. Officer Smith also smelled alcohol on appellant's breath.

Both of the patrolmen expressed the opinion that appellant was intoxicated at the time they stopped him.

A cold 6-pack of Pearl beer was found in appellant's automobile.

Appellant called Mrs. Jones who testified that she sold him a 6-pack of beer at about 10 o'clock P.M. and in her opinion he was not intoxicated at that time. He also called Mr. Garrett, the proprietor of the drive-in grocery where Mrs. Jones was employed. He testified that he had seen appellant during the afternoon and evening and they each drank a beer. Asked whether in his opinion appellant was intoxicated, he answered "Not to the extent, in other words, that he could not attend to business. We talked the business over."

Prior to taking the stand in his own behalf, appellant also called a character witness who testified that appellant's general reputation for sobriety, for being a law abiding citizen and for truthfulness was good.

Testifying as a witness in his own behalf, appellant stated that he drank a beer with Mr. Garrett, which was the last beer he drank. He denied that he was intoxicated. He admitted that he had consumed three or four beers during the afternoon and evening. When the officer asked him if he had been drinking appellant replied: "I said yes, and he asked me how much and I said an appreciable amount. Q. Of whisky? A. I didn't say whisky, I said an appreciable amount, period."

The evidence heard by the jury about which appellant complains came into the record in this manner. Appellant testified that he was "mad, upset because he (Patrolman Wilson) stopped me for no reason." This was his explanation as to why he answered "an appreciable amount."

Appellant gave a different version of the facts surrounding his arrest than that given by the officers. According to Officer Wilson, appellant said he had been drinking whisky. He denied this.

The officers testified that Officer Wilson went up to appellant's car and talked to him before he got out. Appellant denied this and testified upon his direct examination by his counsel that after he had stopped, and the patrolmen stopped behind him, "I then got out of my car and walked back. *Many times when I am stopped by a policeman I always get out of my car and walk back to the police car* and he got out approximately the same time I did, the driver."

In his cross-examination, the attorney for the state made reference to this answer of appellant, and on re-direct examination appellant's counsel asked him " * * * the phrase always arrested is that applicable to you as a person who is always being arrested?" to which he answered "No, Sir."

Appellant complains that on re-cross appellant was interrogated about and testified to seventeen arrests for traffic law violations.

Appellant appears to have invited such evidence. Be this as it may, most of the evidence was admitted without objection stating any ground therefor, or without objection, and on re-redirect examination appellant testified regarding the prior offenses.

No reversible error is here shown. Patterson v. State, 338 S.W. 2d 469; Banks v. State, 165 Tex. Cr. R. 290, 306 S.W. 2d 908, and cases cited under Criminal Law 1137 (5), Texas Digest.

Appellant testified that he was suffering from stomach ulcers at the time in question and if he drank an excessive amount of beer and whisky it tended to irritate the ulcers and cause severe pain in his stomach and nervousness, consequently, he testified "I don't do it."

He testified that he had been to the hospital three times as a result of the ulcers, the first being in March 1961. This was some three months after he was arrested for the offense for which he was on trial.

Prior to testifying, appellant called two witnesses and sought, from the hospital records of which they were custodians, "to show that this man had a physical condition which the report will reflect." The court sustained the objection after it was shown that appellant did not enter the hospital until several months after his arrest.

The record does not show that the excluded records were admissible in evidence or that the exclusion thereof was harmful to appellant.

The remaining claims of error have been considered and are overruled.

The evidence is sufficient to sustain the conviction and no reversible error appears.

The judgment is affirmed.