**Mariano Resendez GARZA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42201.**

Court of Criminal Appeals of Texas.

July 9, 1969.

Pena, McDonald & Guiterrez, by L. Aron Pena, Edinburg, for appellant.

Oscar B. McInnis, Dist. Atty., Joseph L. Nanus, Asst. Dist. Atty., Edinburg, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

The conviction is for the subsequent offense of driving a motor vehicle on a public highway while intoxicated; the punishment, a fine of $100 and confinement in jail for ten days.

The sufficiency of the evidence is not challenged.

In the first ground of error it is contended that the trial court erred in overruling a motion to dismiss the indictment because another case was heard, instead of the present case, after a definite setting had been made.

■ It appears from the record that appellant's case, after being set, was postponed for one day so that an accused who had been in jail for five months could be tried. The applicable rule is found in 1 Branch's Ann.P.C.2d, Sec. 286, pp. 329–330:

> "The statute relating to the order of calling cases on the docket is directory and a matter that largely rests in the discretion of the court. The fact that a defendant's case was called out of order or that he was put to trial before or after some other case which had also been set does not entitle him to complain unless he is in a position to show that some injury or injustice was done to him."

Unless an injustice is shown, it is not error for the court to give preference to jail cases. Wright v. State, 10 Tex.App. 476. There is no showing of injury; the first ground of error is overruled.

Complaint is made in the second ground of error that the judgment does not conform to the verdict.

The verdict of the jury was: "We, the jury, find the defendant Mariano Resendez Garza, guilty of the offense of unlawful-

ly driving a motor vehicle upon a public road while under the influence of intoxicating liquor as charged in the indictment." It is contended that the phrase "as charged in the indictment" does not show that he was found guilty as a subsequent offender.

The court's charge submitted only the felony offense to the jury, and instructed them if they found the accused had been previously convicted of the misdemeanor offense and thereafter drove upon a public road while intoxicated, they would find him "guilty as charged in the indictment."

■ The verdict is sufficient to support the judgment; the second ground of error is overruled.

It is contended in the third ground of error that reversible error was committed when Officer Marmolejo testified that he arrested appellant for a prior unrelated misdemeanor offense.

The record reflects that Officer Marmolejo testified that he arrested appellant in October of 1962; that he was fined and assessed a ten-day jail sentence. When he was asked for what offense, appellant's counsel objected that this was proof of the first offense and said, "We will stipulate. We have nothing to hide." When it was shown that this arrest was not for the prior offense alleged in the indictment, the court instructed the jury to disregard the question.

■ No objection was made until Marmolejo was asked for what offense appellant was arrested. The court instructed the jury not to consider the question. No further action was asked of the court. The error was made harmless when appellant testified that he was convicted on October 31, 1962, for the subsequent offense of driving while intoxicated. Butler v. State, 171 Tex.Cr.R. 529, 352 S.W.2d 744, held that no error was shown when testimony of prior arrests was adduced when the accused testified on redirect regarding the prior offenses.

■■ Complaint is made in the fourth ground of error that Officer Rivera, without a proper predicate, testified that he saw appellant and observed that he was not normal and that apparently he was drunk. An objection to the testimony was overruled. The officer later testified that he had observed and arrested intoxicated people before and that he had observed appellant's conduct and was able to form an opinion as to appellant's intoxication. No error is shown. A non-expert witness may express his opinion that a person was drunk based on his observation of the accused. Vestal v. State, Tex.Cr.App., 402 S.W.2d 195; Larue v. State, 171 Tex.Cr.R. 550, 352 S.W.2d 118.

The judgment is affirmed.

WOODLEY, P. J., not participating.