**Robert CALDWELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44681.

Court of Criminal Appeals of Texas.

March 22, 1972.

---◆---

Weldon Holcomb, Tyler, for appellant.

Curtis L. Owens, Dist. Atty., Tom T. Tatum, Asst. Dist. Atty., Tyler, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for rape; the punishment, six years imprisonment.

The sufficiency of the evidence is not challenged.

The appellant contends that reversible error was committed when proof of an extraneous offense was admitted over appellant's objection.

A sister of the prosecutrix was permitted to testify that less than a month before the attack made on the prosecutrix, she had also been assaulted by the appellant, who made a forcible attempt to commit rape upon her. The sister testified that although a lengthy struggle took place at that time, she was able to prevent appellant from accomplishing the act by using some of the training she had received while in the "Job Corp."

The appellant did not testify, offered no other testimony and rested his case with the State.

The State urges that, as an exception to the general rule that such extraneous offenses are not admissible, the appellant's assault upon and the attempted rape of the prosecutrix's sister made at a different place and time and out of the presence of the prosecutrix was admissible.

The State's argument is that extraneous offenses are admissible to show intent. They say that in this case it was necessary for the State to prove a "specific intent" to commit the offense of rape.

▇ It is their contention that the issue of intent was raised by the cross-examination of the prosecutrix. In support of their argument, they cite Brown v. State, 27 Tex.App. 330, 11 S.W. 412 (1889) and Passmore v. State, 15 S.W. 286 (Tex. Crim.App.1890). We fail to see how these cases support the State's position. Both cases were reversed. They are not rape cases. They are cases of assault with intent to rape. It would seem that here, where the uncontroverted testimony showed the completed offense of rape, that the intent to do the act would be conclusively presumed.

The State's argument is answered by the language in Lovely v. United States, 169 F.2d 386 (4th Cir. 1948), as follows:

"While evidence of other similar offenses is held admissible for the purpose of establishing intent in cases of assault with intent to commit rape (Wigmore on Evidence, 2d ed., sec. 357) . . . the overwhelming weight of authority is that such evidence is not admissible in prosecutions for rape. The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. . . ."

The prosecutrix was nineteen years of age. She attended junior college. She was employed at a hospital. Her testimony on direct examination was articulate. Medical and other evidence corroborated her testimony. The record shows that cross-examination of prosecutrix was extensive and probed for the details of the act. Her testimony on cross-examination was almost precisely the same as on direct examination. She was unimpeached on any material detail of her testimony. From a review of the record it appears the cross-examina-

tion of prosecutrix was fair and did not in any way exceed the bounds of propriety.

To hold that the cross-examination of this prosecutrix would permit the introduction of an extraneous offense would be tantamount to holding that such testimony would be admissible in any case where a defendant's counsel exercises the constitutional right of cross-examination. That is not and should not be the law.

 Under the authority of Thompson v. State, 168 Tex.Cr.R. 320, 327 S.W.2d 745 (1959); Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836 (1953); Hagood v. State, 104 Tex.Cr.R. 429, 284 S.W. 547 (1926) and Higgins v. State, 87 Tex.Cr.R. 424, 222 S.W. 241 (1920), this case must be reversed.

In Thompson v. State, *supra*, it was said:

"Another ground for reversal is found in the proof that appellant attempted to forcibly have sexual intercourse with another woman at a tourist court on another and separate occasion."

Proof of the extraneous offense was not admissible on the issue of consent. The appellant did not testify. Even if he had and the only issue was consent, "The fact that one woman was raped . . . has no tendency to prove that another woman did not consent." Lovely v. United States, *supra*.

Our decision here and that in Thompson v. State, *supra*, are consistent with the decisions in a number of other jurisdictions. See Lovely v. United States, 169 F.2d 386 (4th Cir. 1948); Meeks v. State, 249 Ind. 659, 234 N.E.2d 629 (1968); People v. Greeley, 14 Ill.2d 428, 152 N.E.2d 825 (1958); State v. Gammons, 258 N.C. 522, 128 S.E.2d 860 (1963); State v. Mason, 79 N.M. 663, 448 P.2d 175 (1968); Cook v. Commonwealth, 379 S.W.2d 228 (Ky.App. 1964); State v. Winget, 6 Utah 2d 243, 310 P.2d 738 (1957).

We hold that proof that the appellant attempted to forcibly have sexual intercourse with the prosecutrix's sister on a separate occasion was reversible error.

The judgment is reversed and remanded.

Opinion approved by the Court.