Jesse Lee McALLISTER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 45570.

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Walter B. Conway, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, Donald L. Lambright, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of rape. The jury assessed the punishment at forty years.

The record reflects that on April 18, 1970, at approximately 10:00 p. m., the prosecutrix was at a drug store in Houston when the appellant, whom she had known previously and whom she called "Tootie Mack," came up from behind her, grabbed her arm and ordered her to go with him. She told him that she did not want to go with him and appellant then started dragging her down the street. The prosecutrix stated that as the appellant dragged her down the street he beat her with his fists until they reached his house some three or four blocks away. She further testified that when they were at his house, the appellant took the prosecutrix's clothes off and raped her. He prevented her from calling for help. After she put her clothes on, they left the house and as appellant walked her past a graveyard, the prosecutrix broke and ran to the house of a woman she knew. Appellant caught her and started dragging her down the street. He then dragged her to a car in which there were

four men and a woman. Both the prosecutrix and the appellant knew some of the men. The woman was crying and asked prosecutrix for help. The prosecutrix stated she needed help. Appellant and the prosecutrix got in the car and the prosecutrix was driven to a friend's house where she told what had happened and spent the night. The following day she was taken by her relatives to the police station and to the emergency room at Ben Taub Hospital.

Appellant complains of the admission of testimony of another offense of rape by the appellant upon the other woman who was in the car with the four men at another time and place and when the prosecutrix was not present.

Lee Davis, a witness called by appellant, testified that the appellant came to his home at approximately 5:00 p. m. and played cards with his wife and left and then returned between eight and ten o'clock. He further testified that the appellant left again and returned around midnight and was there until 12:45 a. m. when Davis left for work.

Lillie Mae Parker testified that she was appellant's landlady and that he and the prosecutrix were there from 10:00 p. m. until 11:30 p. m. the night in question. She testified that the appellant left for some fifteen or twenty minutes and came back and asked to borrow a gun and that he went to her sister's house, talked to her son and returned and spent the night at home. She also testified that the prosecutrix was there waiting for Douglas Celestine, but she left and the appellant stayed at home. She further testified that the appellant did not have intercourse with the prosecutrix while they were there.

Many witnesses testified and their evidence is quite conflicting. To say the least, most of them were either mistaken or loose with the truth.

The witnesses called by appellant did not establish an alibi.

Roy Lee Reese, called by the State, testified that he saw the appellent and several others rape a woman in a car at approximately 1:00 a. m. of the night in question and that he (Reese) also had raped the same woman and while riding home on his bicycle, he saw the prosecutrix walking down the street.

The record reflects that the State offered Reese's testimony in rebuttal to an apparent effort of appellant to raise a defense of alibi and the court admitted it on that basis. While we recognize that it was difficult to understand just what defense the appellant was attempting to establish due to the many conflicts in the evidence, the testimony does not support a theory of alibi.

Appellant's witnesses did not place him at a place away from the scene of the alleged rape. In fact, the witness Parker testified that appellant was at his room with the prosecutrix at the time the alleged offense occurred.

In 23 Tex.Jur.2d, Evidence, Section 194, page 294, it is stated:

"As a general rule, in criminal cases the accused can be convicted, if at all, only by evidence that shows that he is guilty of the offense charged. Consequently, evidence that he has committed other crimes that are remote and wholly disconnected from the offense with which he is charged is ordinarily inadmissible. . . ."

There are exceptions to the general rule. See Owens v. State, Tex.Cr.App., 450 S.W.2d 324. One of those exceptions is to controvert a defense advanced by a defendant. It appears from the record that under the facts of this case no defense of alibi was shown. Reese should not have been allowed to testify about the rape of the other woman which took place apparently two to three hours later that night.

For the reason stated, the judgment is reversed and the cause remanded.