William Charles **JACKEL, III,** Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46262.

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Rehearing Denied March 13, 1974.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Maridell J. Templeton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Buddy Stevens, Asst. State's Attys., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant was convicted of rape. His punishment was assessed at life imprisonment.

The sufficiency of the evidence to support the verdict is not contested by appellant.

The testimony of the prosecutrix, supported by other evidence in the record, reflects that she was raped by appellant by the use of force and threats on July 18, 1971. Appellant testified, admitting having had an act of sexual intercourse with pros-

ecutrix on that date, but claims that it was with her consent.

In the course of the trial the State, over appellant's objections, was permitted to introduce evidence of a forcible rape on Mrs. C.,[1] alleged to have been committed by appellant on February 9, 1970. In his third ground appellant contends that the court erred in admitting the testimony of Mrs. C. concerning this extraneous offense.

The record reflects that after the State had made its case and had rested appellant placed his foster father, Cecil Lowrance, on the stand. He testified that on the night in question, after prosecutrix had complained to the police that she had been raped, but before appellant's arrest, appellant stated to him that he did have sexual relations with prosecutrix earlier in the evening, but that this was with her consent. Appellant did not testify at this time, and shortly after this testimony he rested.

In rebuttal, the State called Mrs. C. to the witness stand, at which time the jury was excused from the courtroom, and a hearing was had on the admissibility of her proposed testimony, as requested by appellant in his motion in limine to suppress. The State explained that it intended to offer testimony of a rape committed by appellant on Mrs. C. about seventeen months prior to the instant occurrence to rebut the defensive theory of consent raised by the testimony of the witness Lowrance, and to show intent, scheme and design. Appellant objected fully to the introduction of any and all evidence concerning the extraneous offense, and the trial resulting therefrom. The objection was overruled. Thereupon, in the presence of the jury, the witness testified to the details of an assault made upon her on February 9, 1970, in the course of which according to her testimony appellant raped her by force. She also testified of the trial of appellant for rape, in which he was convicted, *not* of rape, but of

1. Mrs. C. is not the prosecutrix in the instant case.

an aggravated assault, and received a two year jail sentence.[2]

Thereafter the appellant testified. He admitted having sexual intercourse with the prosecutrix on the occasion in question, but denied having used force, stating that such act was with her consent and cooperation. Appellant also admitted having had sexual intercourse with Mrs. C. on February 9, 1970, stating it was with her consent. He testified to his version of that affair, which was quite different in details from the evidence given by Mrs. C. He likewise testified concerning the trial and his conviction for aggravated assault.

After appellant had closed his case, the State placed Mrs. C. back on the stand. She again testified concerning appellant's assault on her February 9, 1970. Police Officer Ford testified of his investigation of that affair, giving evidence in contradiction to that given by appellant. Counsel for appellant cross-examined him extensively. Officer Norris also testified to a conversation with Mrs. C. while he was investigating that offense.

Since appellant admitted having intercourse with prosecutrix in the instant case, there is no question of identity or alibi. The only issue as to the guilt of appellant presented by the evidence is whether prosecutrix consented to the act. The State argues that the evidence of the prior rape was admissible to show intent. In Caldwell v. State, Tex.Cr.App., 477 S.W.2d 877, where the conviction was for forcible rape, the State argued that evidence of an extraneous offense[3] was admissible on the issue of intent. In reversing the judgment, the Court speaking through Commissioner Dally said:

"Proof of the extraneous offense was not admissible on the issue of consent. The appellant did not testify. Even if he had and the only issue was consent,

'The fact that one woman was raped . . . has no tendency to prove that another woman did not consent.' Lovely v. United States [169 F.2d 386 (4th Cir. 1948)]."

See Thompson v. State, 168 Tex.Cr.R. 320, 327 S.W.2d 745, 748; Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836; Hagood v. State, 104 Tex.Cr.R. 429, 284 S.W. 547; Higgins v. State, 87 Tex.Cr.R. 424, 222 S.W. 241, all cited in Caldwell, supra. See, also, McAllister v. State, Tex.Cr.App., 489 S.W.2d 887.

The State also argues that the extraneous event was properly admitted to show design and system, by showing the appellant's "modus operandi" in the commission of the two offenses. It is the State's contention that because appellant became acquainted with each of the women on the same day the assault on each occurred, and, according to the testimony of each woman, that each of them was grabbed about the neck and choked until she could not breathe, and that after each assault was committed appellant appeared calm and inquired what the victim intended to do, the two acts showed a system or design of appellant to commit rape.

The State does not answer in its brief appellant's contentions of error in the admission of evidence of the trial of appellant for the rape of Mrs. C., at which he was acquitted of rape, but convicted of aggravated assault. We hold further that the trial court erred in admitting such evidence over the appellant's objections.

We are next met with the State's contention that if the introduction of the evidence of the extraneous offense was error it was rendered harmless by appellant's testimony regarding the assault on Mrs. C.

It is a well settled rule in this State that accused cannot complain of the

2. Appellant had been released from jail the day before the date of the instant offense.

3. An assault to commit rape upon a sister of the prosecutrix by defendant occurring less than a month prior to the rape for which defendant was being tried.

wrongful admission of testimony when he later testifies to substantially the same facts. Butler v. State, 171 Tex.Cr.R. 529, 352 S.W.2d 744; Cook v. State, Tex.Cr. App., 409 S.W.2d 857; Ware v. State, Tex. Cr.App., 467 S.W.2d 256; Wood v. State, Tex.Cr.App., 440 S.W.2d 640; Garza v. State, Tex.Cr.App., 442 S.W.2d 693; Washington v. State, Tex.Cr.App., 484 S.W.2d 721, cert. denied, 411 U.S. 921, 93 S.Ct. 1555, 36 L.Ed.2d 314.

Appellant did not testify to substantially the same facts as did Mrs. C. concerning the extraneous offense. See opinion of Judge Odom on rehearing in Nichols v. State, Tex.Cr.App., 502 S.W.2d 169. Appellant's version of this affair was wholly different from that of Mrs. C.

■ We hold that the error of the court in admitting the evidence of the extraneous offense was not waived or made harmless by the testimony of appellant. For the reason stated, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (dissenting).

I have reviewed the record in Thompson v. State, supra, to determine just exactly what was before this Court when we said on rehearing that in addition to the primary error another ground for reversal lay in permitting proof that appellant attempted to have intercourse with another woman on another and separate occasion. It was this statement which helped to father our opinion in Caldwell v. State, 477 S.W.2d 877. In the case at bar the primary offense was committed on the same day appellant met prosecutrix, no pistol or other instrument was used, but prosecutrix was choked until she could not breathe. At the conclusion of the attack appellant appeared calm and inquired what the prosecutrix intended to do.

Appellant then offered testimony that the act of intercourse was with prosecutrix' consent.

In rebuttal to this "consent" testimony the State was permitted to prove that on another occasion, not too remotely removed from the assault upon prosecutrix, appellant had intercourse with another woman, Mrs. C. This also took place on the day appellant met Mrs. C. No pistol or other instrument was used and Mrs. C. was choked until she could not breathe. Once again appellant appeared to be calm and asked Mrs. C. what she intended to do. At the time of the attacks both prosecutrix and Mrs. C. were single girls aged 20–21 with high school educations and both were raped by appellant on the first day he met them.

We return to Thompson v. State, supra. In that case the prosecutrix was a 19-year-old babysitter who spoke no English (and appellant spoke no Spanish). She was raped on her first encounter with Thompson who was armed with a pistol, whereas Mrs. Zabel, the "other woman" whom appellant "attempted to forcibly have intercourse with," presented an entirely different picture. She was a widow with two children who first met Thompson socially, had two dates with appellant, the last being a dinner, and then without protest went to a tourist court with him and then apparently balked at the last minute. The record does not disclose the details of the rape attempt, but it is apparent that there was no similarity between her relationship with appellant and his relationship with the prosecutrix. Because of this dissimilarity in the respective facts bearing on the likelihood of consent, this Court was correct in suggesting that the evidence of appellant's attempt on Mrs. Zabel should not have been permitted.

Caldwell v. State, supra, is not authority in this case, because no defensive theory was raised and, therefore, there was nothing for the State to rebut.

In the case at bar the similarity of the attacks when taken with appellant's testimony that his relationship with the prosecutrix was with her consent clearly authorized proof that on another occasion appellant attempted to forcibly have intercourse with another woman in much the same manner as he had with the prosecutrix. This became admissible under the sixth exception set forth in Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97. In that case this Court laid down rules for the admissibility of extraneous offenses and the sixth exception authorizing the proof of such offenses appears as follows:

"(6) To refute a defensive theory raised by the accused."

For the reasons stated I respectfully dissent to the reversal of this conviction.

DOUGLAS, Judge, dissenting on motion for rehearing.

Leave to file and the State's motion for rehearing should be granted and the conviction affirmed.

The gist of the majority opinion appears to be that the court erred in permitting testimony of the forcible assault by the appellant upon another woman, because the consent or lack of consent by the other woman had no bearing on the consent of the woman with whom the appellant had intercourse in the present case.

The indictment in the present case charged rape by force. The appellant's defense was that no force was used. The attempt to prove consent was an attempt to disprove force as a defense. The evidence of the forcible attack on the other woman was admissible to rebut the defense of appellant. pellant.

The quoted part of the federal court opinion in Lovely v. United States, 4th Cir., 169 F.2d 386, to which this Court is not bound, if applicable, is not sound and should not be followed.

In fine, when a defendant introduces testimony that he did not forcibly rape a complainant, proof that he forcibly raped another should be admissible to rebut his defense. Albrecht v. State, Tex.Cr.App., 486 S.W.2d 97, should be followed or it should be overruled.