Robert BUTLER, Appellant,

v.

The STATE of Texas, Appellee.

No. 48497.

Court of Criminal Appeals of Texas.

June 5, 1974.

Ronald Piperi, Killeen, for appellant.

Joe Carroll, Dist. Atty., Bob D. Odom, Asst. Dist. Atty., Belton, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of heroin wherein the punishment was assessed at eighteen (18) years.

Appellant does not challenge the sufficiency of the evidence. Suffice it to say the record reflects that on the night of October 9, 1972, narcotics agents Jimmy Simmons and Brantley Foster of the Texas Department of Public Safety were working in an undercover capacity in the City of Killeen when they observed the appellant and co-defendant Johnny B. Hayes drive onto a nearby parking lot. After exchanging greetings, the appellant asked agent Foster if he wanted to buy some heroin. Agent Foster then replied that he had no money and suggested a sale with his companion Simmons, who was then introduced to the twosome. After agreeing with agent Simmons upon a price of $50 for a gram of heroin, the undercover officer gave the appellant three $20 bills. Appellant and Hayes then returned to their car, and a short time later waved Simmons and Foster to the vehicle. When Simmons arrived at the passenger's side of the vehicle, appellant handed Hayes two $5 bills, which were wrapped around a small yellow balloon containing the heroin. Hayes then handed the package to Simmons, thus consummating the sale. The chain of custody was established, and the chemist testified that the substance in the balloon was heroin.

In his sole ground of error appellant complains that the trial court erred in admitting into evidence over his objection the prior sale of heroin as an extraneous offense.

The record further reflects that after the State rested its case in chief appellant called as a witness his co-defendant, Johnny B. Hays, who testified that he had been approached by agent Foster on the date in question and had sold the undercover officer a gram of heroin. Hayes further testified that the appellant had ridden to town with him, but was not present at the time of the transaction and had no knowledge of the sale. He acknowledged that after appellant returned to the scene he furnished the $10 change as a favor to him (Hayes), but that he (Hayes) did not tell appellant until later that the transaction involved a sale of heroin.

On cross-examination Hayes testified that on the night of October 9, 1972, he and the appellant "went to town to mess off a little time." When asked if he carried "that much heroin (1 gram) around town just messing around?" Hayes answered, "That was the only time I ever been involved in a sale."

Thereafter, the State elicited, without objection, that the witness had pled guilty the day before to the sale on October 9, 1972, as well as a sale of heroin on September 1, 1972 (to agent Foster). Thus, the witness was impeached as to his earlier statement that October 9th was the only time he had been involved in a sale of narcotics.

Subsequently, on cross-examination Hayes was asked, over objection, if the appellant was involved in the sale on September 1, 1972. The answers were unclear, such as, "Well, will you repeat that?" or "You mean—I don't—." Finally, the State, without objection, rephrased the question and asked if Hayes hadn't told agent Foster on September 1st that he was out of heroin, having just sold ten grams, but took him to appellant's house where agent Foster bought a gram of heroin from the appellant. Hayes answered:

"No. What it was—it was a mixup. When we went to Butler's house. Butler, he didn't even want to talk to him, didn't even want to discuss nothing with him because he told him to leave his house."

He denied "it" took place.

On redirect examination he denied that appellant Butler had participated in any way, shape or form in the other case (September 1st).

On recross-examination he acknowledged he had taken agent Foster to Butler's house because Foster wanted to meet Butler, but persisted in his testimony that Butler had nothing to do with the sale of heroin on that day.

In rebuttal agent Foster was recalled and testified that he went to Hayes' house in Killeen on September 1st, where Hayes told him he had just sold ten grams of heroin and if Foster wanted some he (Foster)

would have to take him (Hayes) to his partner's house, and they went to the appellant Butler's house, where he observed Hayes give $500 to Butler for his share of the sale of drugs. Foster further related he purchased two grams of heroin from Butler. This latter testimony came in over the objection that it was injecting into evidence an extraneous offense.

"The general rule in all English speaking jurisdictions is that an accused is entitled to be tried on the accusation made in the State's pleading and not on some collateral crime or for being a criminal generally. The rule is now deemed axiomatic and is followed in all jurisdictions." Young v. State, 159 Tex.Cr.R. 164, 261 S.W.2d 836, 837 (1953). See also 23 Tex.Jur.2d, Evidence, Sec. 194, p. 294.

There are, of course, exceptions to this general rule. See Albrecht v. State, 486 S.W.2d 97, 100 (Tex.Cr.App.1972). For example, in 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, it is written:

"Evidence of the commission of other crimes by the accused is admissible as part of the res gestae or to show identity of person or crime, intent, motive, scienter, system, and malice. Evidence of other crimes is also admissible to discredit the accused when he testifies in his own behalf, or to show his failure to have reformed, or to controvert a defensive theory advanced by him."

In the instant case the appellant called the co-defendant Hayes, who testified that he alone made the sale charged in the indictment, that the appellant was not present at the time, arriving only in time to loan him (Hayes) the $10 needed for change, and that appellant had no knowledge of the sale until he told appellant of the transaction sometime later. This testimony was in sharp dispute with that of the undercover agents.

We conclude that the extraneous offense on September 1st was admissible to show the appellant's intent and his guilty knowledge, and tended to defeat and discredit the defensive theory of lack of guilty knowledge. See 23 Tex.Jur.2d, Evidence, Sec. 198, p. 306, and cases there cited. The evidence appears to be further admissible in rebuttal of Hayes' testimony that the appellant had not participated in any manner in the sale on September 1st.

The judgment is affirmed.