IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-283-CR





JOSE LUIZ GARCIA,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE COUNTY COURT AT LAW OF COMAL COUNTY



NO. 90CR-1157, HONORABLE FRED CLARK, JUDGE 


 




 After finding the appellant guilty of the offense of possession of a useable quantity
of marihuana of less than two ounces, Tex. Health & Safety Code Ann. § 481.121(b)(1) (Pamph.
1992), the jury assessed punishment at one hundred eighty days' confinement, probated, and a fine
of one thousand dollars.

 Shortly after midnight on May 4, 1990, New Braunfels Police Officer Tommy
Gonzales received a dispatch that a person had been seen with a flashlight in an abandoned
building. Officers Spence and Keating met Gonzales at the house in question where they found
appellant and a female companion. Appellant advised the officers that the boarded up house
belonged to his brother and that he had permission to be there. Officer Gonzales related that he
saw no evidence of forced entry and was willing to give the appellant the benefit of the doubt, but
because appellant appeared to be in an "intoxicated state" and became "belligerent and
argumentative" as a result of questioning, "I decided for my safety and the safety of the other
officers and for his own safety and the safety of the female, to make a pat-down search to make
sure he wasn't armed in any way." After feeling a "bulky item . . . a hard object" in appellant's
left front pocket, Gonzales removed a useable quantity of marihuana and drug paraphernalia from
the pocket.

 In his second point of error, appellant asserts that the court erred in overruling his
objection to evidence of his previous arrests. In light of our disposition of appellant's second
point of error, we find it unnecessary to review his other points. We will reverse the conviction
and remand the cause.

 A hearing on appellant's motion in limine to exclude evidence that he had
committed any extraneous offenses was held out of the presence of the jury prior to the admission
of the complained-of testimony. Gonzales related that he had arrested appellant on prior occasions
for family-violence offenses. Appellant had resisted arrest, but Gonzales had never found a
weapon on him. Following the court's ruling that it would permit the State to inquire about the
officer's personal knowledge of appellant's violent nature, the following testimony was elicited
from Gonzales in the presence of the jury:


MR. FRIESENHAHN [prosecutor]: 


 Now, I believe you already testified that you had had some prior contact
with the Defendant; is that true?


A: That is correct.


Q: And based on this past conduct with the Defendant, did you come into any
personal knowledge that this Defendant might have a tendency towards
violence?


A: Yes.


MR. FINLEY [defense counsel]:


 Your Honor, I am going to object for the record, the bringing up of the
extraneous matters or any extraneous matters before the Court in
connection with any offenses that we have not discussed here previously.


THE COURT: All right. The objection will be overruled.


Q: I am sorry. What was the answer, Officer?


A: Yes, sir, I am aware of incidents between myself and Mr. Garcia in a
violent nature, yes.


Q: And when you have confronted Mr. Garcia, the Defendant at this house,
even though you thought to give him the benefit of the doubt that he might
have a right to be there, did that still enter into your decision to pat the
Defendant down for your own safety?


A: Yes, sir, it did.



 Texas R. Crim. Evid. Ann. 404 (Supp. 1992) provides in pertinent part:


(a) Character evidence generally. Evidence of a person's character or a trait of
his character is not admissible for the purpose of proving that he acted in
conformity therewith on a particular occasion, . . .


(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts
is not admissible to prove the character of a person in order to show that he acted
in conformity therewith. It may, however, be admissible for other purposes, such
as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident. . . .



 We find the following review of Rule 404, concerning the general rule against
using character evidence in proving conforming conduct, instructive:



 Criminal and Civil Rules 404 are the first of a series of rules found in
Article IV that limit the general preference, expressed in Rule 401-403, for the
admission of all relevant evidence. Civil and Criminal Rules 404 do so with
respect to character evidence. "Character is a generalized description of a person's
disposition, or of the disposition in respect to a general trait, such as honesty,
temperance, or peacefulness." Character can only be inferred from that person's
prior conduct or inaction. Thus, proof of character is always indirect: By opinion
of those familiar with the person; by the person's reputation with respect to the
relevant trait; or by proof of specific acts or the person from which the presence
or absence of the trait may be inferred. This is the meaning of character in Federal
Rules 404 and 405 from which Civil and Criminal Rules 404 and 405 derive. This
usage represents no change from the common law or prior Texas law.


 Evidence of character offered to prove conduct or state of mind conforming
to that character is logically relevant. If the character of a defendant for caution
is good then it would seem presumptively probative on the question of whether he
was careful on a particular occasion and should his behavior on that occasion be
an issue in litigation the character evidence would seem relevant and presumptively
admissible. Nevertheless, Rule 404(a) accurately expresses the general rule that
such evidence will normally be excluded when it is sought to be used to prove
behavior on the occasion in issue, although a distinction may be drawn when the
evidence is offered to prove the actor's understanding of the probable effect of his
undisputed conduct. This hostility towards the circumstantial use of character
evidence was the accepted view at common law and under prior Texas law.


 The paradox is that a person's conduct on one occasion is probative on the
issue of her disputed behavior on another. There are few persons who do not act
on the basis of that belief in their private lives. Most persons would hesitate to
leave their children with a babysitter believed to be cruel and physically aggressive
towards children. Few would, without special assurances, entrust their church's
funds to a person reputed to be dishonest. These are, of course, examples of using
character to predict conduct rather than, as in court, to recreate past events. 
However, the probative quality of the character evidence is no less in the latter
situation. Nevertheless, the principle of Rule 404(a) points towards exclusion
because such evidence "usually is laden with the dangerous baggage of prejudice,
time consumption, and surprise." The use of such evidence has been thought
inconsistent with the principle that "each case should be tried on its merits alone
and not on the merits of the parties." Moreover, as with evidence of similar events
and transactions, the probative quality of the evidence often depends upon the
degree of similarity between the circumstances surrounding the prior behavior and
those present on the occasion in issue. This carries with it the danger of excessive
time consumption and issue confusion. Hence, the general rule of exclusion.



33 Steven Goode, et al., Guide to the Texas Rules of Evidence: Civil and Criminal § 404.2 (Texas
Practice 1988) at 104-106 (citations omitted).

 In Montgomery v. State, 810 S.W.2d 372 (Tex. Crim. App. 1990), the court
reviewed the admissibility of evidence of extraneous "crimes, wrongs, or acts."



Illustrative of the permissible "purposes" to which evidence of "crimes, wrongs,
or acts" may be put are "proof of motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident[.]" Rule 404(b), supra. 
Extraneous offense evidence that logically serves any of these purposes is "relevant
beyond its tendency "to prove the character of a person to show that he acted in
conformity therewith." It is therefore admissible, subject only to the trial court's
discretion nevertheless to exclude it "if its probative value is substantially
outweighed by the danger of unfair prejudice. . . ." Rule 403, supra. On the
other hand, if extraneous offense evidence is not "relevant" apart from supporting
an inference to "character conformity," it is absolutely inadmissible under Rule
404(b). For if evidence of "other crimes, wrongs, or acts" has only character
conformity value, the balancing otherwise required by Rule 403 is obviated, the
rulemakers having deemed that the probativeness of such evidence is so slight as
to be "substantially outweighed" by the danger of unfair prejudice as a matter of
law."



810 S.W.2d at 78 (emphasis added).

 The State urges that the complained-of testimony was admissible in light of
appellant's position that the officer had no reason to consider the appellant potentially dangerous
so as to justify a pat-down search or frisk. We believe this argument overlooks the fact that the
burden is on the State to prove that the officer possessed an articulable suspicion that an individual
is armed and dangerous to justify a pat-down or frisk. See Terry v. Ohio, 392 U.S. 1, 24 (1968). 
Nor does the fact that defense counsel elicited testimony from Gonzales on cross-examination that
he had no knowledge of appellant's possessing a weapon, and that appellant made no threat toward
him, open the door for the admission of evidence of other "crimes, wrongs acts." See Elking v.
State, 647 S.W.2d 663, 666 (Tex. Crim. App. 1983); Caldwell v. State, 477 S.W.2d 877, 879
(Tex. Crim. App. 1972).

 We believe the only logical inference the jury could have drawn from Gonzales's
testimony was that the appellant had demonstrated a propensity for violent conduct on other
occasions when he had been investigated or arrested by the officer. The matter of whether the
complained-of testimony was necessary in establishing justification of the pat-down or frisk of
appellant is immaterial since such evidence is inadmissible because of its "danger of unfair
prejudice as a matter of law."

 The judgment is reversed and the cause remanded.



 

 Tom G. Davis, Justice

[Before Justices Aboussie, B. A. Smith and Davis*]

Reversed and Remanded

Filed: June 17, 1992

[Do Not Publish]














* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (1988).