## GARRETT MILTON RAMSEY V. STATE

No. 34,084.  January 3, 1962
State's Motion for Rehearing Overruled February 7, 1962

*Mays & Mays*, by *Frank D. Coffey* and *Dave Miller*, of counsel, Fort Worth, for appellant.

*William Hunter*, District Attorney, Dalhart, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, 8 years.

During the trial the district attorney, on cross-examination, asked appellant: "Have you ever been indicted for a felony?" It was agreed and stipulated "that at the time the district attorney asked said question he knew that defendant was under certain indictments and had certified copies of such indictments; and that to his knowledge defendant had not been convicted of any felony."

The trial court sustained objection and instructed the jury to disregard the question, but overruled appellant's motion for mistrial.

Art. 732(a) V.A.C.C.P., enacted in 1951, provides in part:

"The fact that a defendant in a criminal case * * * is, or has been, charged by indictment * * * with the commission of an offense against the criminal laws of this state, of the United States, or any other state shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment * * * a final conviction has resulted, or a suspended sentence has been given and has not been set aside, or such person has been placed on probation and the period of probation has not expired."

The propounding of the question by the district attorney when "to his knowledge defendant had not been *convicted* of any felony" was highly prejudicial, and the harm was such as could not be removed by the trial court's instruction to the jury to disregard it.

We are unable to agree with the state's contention that the indictment referred to in the question may have been that upon which appellant was on trial, rather than other indictments of which he had certified copies.

We conclude that the appellant was deprived of a fair trial by the asking of the question and his motion for mistrial should have been granted.

Garza v. State, 159 Texas Cr. Rep. 105, 261 S.W. 2d 575,

may be distinguished, not only because there a mistrial was not requested, but by the stipulation above quoted.

For the error mentioned, the judgment is reversed and the cause is remanded.