**Thomas JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35215.

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

Wardlaw & Cochran, Fort Worth, for appellant.

Henry Wade, Dist. Atty.; H. D. Nicholson, Sam Paternostro and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was convicted for driving an automobile upon a public highway while his operator's license was suspended; the punishment was assessed at 60 days in jail and a fine of $200.

Trial was had before a jury.

The disposition of this cause makes a summary of the facts unnecessary other than to state that the evidence is sufficient to support the conviction. Goolsby v. State, 166 Tex.Cr.R. 180, 312 S.W.2d 654.

The appellant did not testify.

While testifying for the state an officer who had the custody of the official driving records of the Texas Department of Public Safety was examined by counsel for the state as follows:

"Q. Officer Poynter, there's been some discussion as to whether or not this particular license was suspended. I believe you testified that the license which was issued to this Defendant on March the 11th, 1960, which went into suspension, was the license which was suspended at the time that this man was picked up * * * is that correct?

"A. Yes sir, it was.

"Q. Now, what do your records reflect as to this man making false affidavits and getting another driver's license? Will you tell this jury about that, please?"

To which the appellant objected on the ground that it indicated that he was guilty of a separate and distinct offense, and he then moved for a mistrial because the ques-

tion and statement in the presence of the jury about making false affidavits in connection with his driver's license were separate offenses, and were detrimental and prejudicial to his rights before the jury. The objection was sustained and the motion for a mistrial was overruled, and the appellant reserved his exception. Then upon request the court instructed the jury to disregard the question for any purpose.

The state takes the position that although the question was improper, there was evidence of the use of another or fictitious name on a license of the appellant before the jury without objection. The record shows that the appellant had before been issued a license in the name of Tom Jackson, whereas the license allegedly suspended was issued in the name of Thomas Jackson. Further, that the rulings and instruction of the court on said question removed any harmful effects before the jury, hence no reversible error is presented.

The question directed to the custodian of the driving records division of .the Texas Department of Public Safety asking that he tell the jury what the records reflect as to appellant making false affidavits and getting another driver's license implies and conveys to the jury that appellant had made false affidavits in getting his driver's license which are separate and extraneous offenses from the one here charged.

Notwithstanding the rulings and instructions of the court, and the variances between the names on the licenses, it appears that the jury could not have wholly disregarded the question and the facts and circumstances surrounding it because of the enhanced penalty assessed. From the record, it cannot be reasonably concluded that the question-statement and the surrounding circumstances did not prejudicially affect the rights of the appellant. Mounts v. State, 148 Tex.Cr.R. 177, 185 S.W.2d 731, and cases cited therein.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.