**John B. NIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68552.**

Court of Criminal Appeals of Texas, En Banc.

July 13, 1983.

Robert E. Reich, Brownwood, for appellant.

Stephen Ellis, Dist. Atty., and Fred Franklin, Asst. Dist. Atty., Brownwood, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

**444**

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of indecency with a child; the punishment, which is enhanced by a prior felony conviction, is imprisonment for 20 years.

We find reversible error in the overruling of appellant's objection to the prosecutor's asking of a "have you heard" question.

■ At the guilt-innocence phase of the trial the appellant offered the testimony of Royce Miller, the supervisor where he was employed. Miller's brief testimony only concerned the appellant as an employee. We quote from the record:

DEFENSE COUNSEL: "Q What's your position at Daniel Motors?

"A I'm a working shop foreman. I was a service manager up until a month ago.

"Q How long have you held the position of shop foreman?

"A About a month.

"Q Do you know the defendant, John Nixon?

"A Yes, sir.

"Q In what way?

"A Well, he worked over there three or four months for me. He was a very kind guy. Anything I asked him to do to help he'd do it. He got along well with everybody. He met people real well.

"Q How many mechanics do you have working?

"A Five. I believe when he was working there that there was—I believe there was seven there at the time.

"Q How would you classify his skills as a mechanic?

"A Well. Very well. I wish I had about six or seven more just like him.

"Q You're saying he was a good worker?

"A Yes, sir, very good.

"Q Was he at work regular?

"A He'd always be there, late if necessary, he'd be volunteering to help you.

"Q You're saying then he was, for you, a very ideal employee?

"A Yes, sir, he sure was.

DEFENSE COUNSEL: "We have no further questions, Your Honor.

PROSECUTOR: "Q Have you heard that the defendant, John B. Nixon, has been convicted of rape?

"A Yes, sir.

DEFENSE COUNSEL: "Your Honor, we would object. In view of the Court's prior motion, we would ask at this time for a mistrial.

THE COURT: "Overruled.

PROSECUTOR: "No further questions."

Miller did not testify at all concerning the appellant's general reputation in the community for being a law abiding citizen. His testimony that the appellant was a good employee did not place the appellant's character or reputation in issue; the asking of the "have you heard" question was improper; the overruling of the appellant's objection and motion for mistrial was reversible error. *Brown v. State,* 605 S.W.2d 572 (Tex.Cr.App.1980); *Wrenn v. State,* 597 S.W.2d 369 (Tex.Cr.App.1980); *Jewell v. State,* 593 S.W.2d 314 (Tex.Cr.App.1979); *Ward v. State,* 591 S.W.2d 810 (Tex.Cr.App. 1979); *White v. State,* 590 S.W.2d 936 (Tex. Cr.App.1979); *Livingston v. State,* 589 S.W.2d 395 (Tex.Cr.App.1979); *Brown v. State,* 477 S.W.2d 617 (Tex.Cr.App.1972).

■ It is doubtful that Miller's testimony that appellant was a good employee, or the unresponsive comment that he was a very kind guy, was admissible; it was not material to any of the issues at the guilt-innocence phase of trial. The State did not object to this testimony, but "When such improper evidence is admitted, the State may not under the guise of rebuttal present additional improper evidence." *Ward v. State,* supra; *White v. State,* supra.

■ In another ground of error the appellant insists the evidence is insufficient to sustain his conviction. He argues the State did not prove the allegation that he engaged in sexual contact by "touching the breast" of the child. On cross-examination the child was asked, "Now, you're saying that when you were in the bedroom your father never touched your breast. He

touched up high on the chest here. She answered, "Yeah, I would say so. Because he wasn't actually holding on." The mother, who had come into the bedroom and observed what the appellant was doing to the child, testified during cross-examination that appellant "barely" touched the top part of the child's breast.

On direct examination the thirteen year old child testified her father, the appellant, while she was on the bed, told her she "only had one choice"; she "was going to do it." "Either I was going to have sex with him or he was going to go back to Mississippi," which, she testified, in effect meant he would abandon her, her mother, younger sister, and brother. She then demonstrated for the jury how and where the appellant had touched her. After she indicated where she had been touched, the prosecutor stated: "Now, let the record reflect that the witness just placed her hands at a level below the neck of her blouse with hands coupled together with her elbows out."

The child's twelve year old brother had gone outside of the house to look in the bedroom window. When he observed his father's actions he said: "No, Daddy, I don't like what you're doing to my sister." The appellant, on hearing this, ceased what he was doing and left the house.

The mother and brother also demonstrated for the judge and jury how and where the appellant touched the child. The jury could see by the demonstration of the three witnesses as well as hear how and where the appellant touched the child. The jury, under its instructions, found the appellant touched the child's breast and the trial court, having seen the demonstrations and heard the testimony, overruled a motion for instructed verdict and a motion for new trial. We conclude the evidence is sufficient to sustain the jury's verdict.

The judgment is reversed and the cause is remanded to the trial court.