Harris v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-040-CR

        RUSSELL DELACRUSE HARRIS,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 94-207-C
                                                                                                    

O P I N I O N
                                                                                                    

          A jury acquitted Appellant of possession of cocaine with intent to distribute in the first
count of a two count indictment. In count two, the jury convicted Appellant of possession of
marijuana of over four ounces and under five pounds and assessed his punishment at ten years in
prison and a fine of $5,000. Act of June 14, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen.
Laws 2230, 2938 (codified as amended at Tex. Health & Safety Code Ann. § 481.120(a-b)
(Vernon Supp. 1996)). We reverse the marijuana conviction under count two and remand the case
for a new trial.
          In the first of sixteen points of error, Appellant complains that the court erred in admitting
into evidence the arrest and search warrant over his hearsay objection. The State concedes that
recitals in a search warrant and return are hearsay and are not admissible before the jury for any
purpose. The issue we must decide is whether the error in admitting this evidence before the jury
was harmful to the conviction or punishment. Tex. R. App. P. 81(b)(2). We will reverse the trial
court's judgment if the record reveals error, unless we determine beyond a reasonable doubt the
error did not contribute to the conviction or punishment. Id. When we conduct a harm analysis,
we must: (1) isolate the error and all of its effects; and (2) determine whether a juror might have
reached a different result if the error and its effects had not resulted. Harris v. State, 790 S.W.2d
568, 588 (Tex. Crim. App. 1989). If the error was of a magnitude that it disrupted the jurors'
orderly evaluation of the evidence, no matter how overwhelming the overall evidence might have
been, then the conviction is tainted. See id. Here, the error was magnified when the prosecution
offered the testimony of the Honorable Bill Logue, Judge of the 19th Judicial District Court of
McLennan County, Texas, who had signed the arrest and search warrant. Appellant objected to
Judge Logue's testimony on the grounds that "they are giving conclusions and opinions of a
witness, and it's solely on a matter of law that is prejudicial to the rights of the defendant, and its
probative weight is far outweighed by it prejudice, and it is improper from every standpoint." In
Appellant's second point of error he asserts that the trial court abused its discretion in allowing
the testimony of Judge Logue over the aforesaid objection. Appellant further argues that Judge
Logue's testimony constituted a comment upon the weight or bearing of the evidence in the case
in violation of Tex. Crim. Proc. Code Ann. art. 38.05 (Vernon 1979). Without deciding
whether article 38.05 applies to a testifying judge other than the trial judge, we do find that the
error was exaggerated by the testimony of the judge who issued the warrant to the extent that we
cannot say that this error did not have an effect on the process whereby the jurors apply law to
facts to reach a verdict. Harris, 790 S.W.2d at 588. We sustain points one and two.
          In the alternative, we also find error requiring reversal in points three and four. 
Appellant's third and fourth points are related and allege that the court erred and abused its
discretion in permitting the State to prove by the testimony of two prospective jurors during voir
dire examination that "other crimes are attributed with marijuana possession" and that "use of
marijuana often leads to other criminal activities."
          Appellant's counsel objected to said testimony on the grounds it was "asking a juror to give
testimony," "hearsay," and "--Cross-examination--violation of the Sixth Amendment of the
Constitution of the United States, right of confrontation." Appellant properly preserved each point
of error. Tex. R. App. P. 52(a).
          The State contends that Appellant opened the door to this testimony by his counsel's
remarks during voir dire to the effect that marijuana was not addictive like cocaine and that
marijuana was used "--to relax somebody a little." The State, however, did not object to
Appellant's counsel's comments and may not under the guise of rebuttal present additional
improper evidence. Nixon v. State, 653 S.W.2d 443, 444 (Tex. Crim. App. 1983); White v. State,
590 S.W.2d 936, 937 (Tex. Crim. App. 1979); Ward v. State, 591 S.W.2d 810, 818 (Tex. Crim.
App. 1978). Accordingly, we find that the court erred in allowing the State to introduce the
complained of testimony. Further, we believe the voir dire process is designed to insure, to the
fullest extent possible, than an intelligent, alert, disinterested, impartial, and truthful jury will
perform the duty assigned to it. See Armstrong v. State, 897 S.W. 361, 363 (Tex. Crim. App.
1995). Essentially, voir dire examination allows the State and defense to eliminate from the venire
panel those prospective jurors who express a bias or prejudice against the State or the defendant
or upon any phase of the law applicable to the case. See Tex. Crim. Proc. Code Ann. art. 35.16
(Vernon 1989 & Supp. 1996). We find no authority which allows prospective jurors to in effect
become witnesses for the State by giving opinion testimony favorable to the State as opposed to
expressing a bias or prejudice for or against a law applicable to the case. For this reason, we find
that the error in allowing this testimony was harmful in that to do otherwise would encourage the
State to repeat it with impunity. See Harris, 790 S.W.2d at 587; Hernandez v. State, 914 S.W.2d
226, 236 (Tex. App.—Waco 1996, no pet.). We sustain points of error three and four.
          Due to our disposition of Appellant's first four points of error, we need not consider his
remaining twelve. The judgment is reversed and the cause remanded for a new trial.




                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Justice Cummings and
         Justice Vance
Reversed and remanded
Opinion delivered and filed August 30, 1996
Do not publish