HAMPTON V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-415-CR

JERRY HAMPTON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jerry Hampton appeals his conviction and fifteen-year sentence for aggravated sexual assault of a child and ten-year probated sentence for indecency by contact.  In four issues, appellant asserts that the trial court erred by failing to strike the hearsay testimony of Lucy King and that the evidence was factually insufficient to support the jury’s findings that he touched the child’s breast, touched the child’s genitals, and intentionally or knowingly caused his sexual organ to touch the child’s sexual organ.  We affirm.      

II.  Background Facts

Appellant is T.A.’s father.  At the time of the alleged incidents, T.A. was a thirteen-year-old girl who functioned on the mental level of a six year old.  In March 2004, after speaking with T.A., T.A.’s school counselor and teacher’s assistant alerted the Fort Worth Police Department and Child Protective Services (CPS) that T.A. may have been sexually abused.  On March 8, 2004, CPS began an investigation and, by interviewing T.A., discovered facts indicating that she had been sexually abused by appellant.  On March 15, 2004, appellant met with CPS and provided a written statement that he was in bed asleep when he rolled over on T.A. and, believing her to be his wife, put his penis in her vagina.  Appellant gave a similar statement to the Fort Worth Police Department. 

III.  Appellant’s Request to Strike Lucy King’s Answer

In his first issue, appellant contends that the trial court erred by failing to strike the hearsay testimony of Lucy King, T.A.’s bus attendant.  Specifically, appellant claims that he obtained an implicit adverse ruling thereby preserving error on his request to strike King’s answer.  The State argues that appellant did not preserve error because he failed to pursue the objection to an adverse ruling.  The discussion at issue is as follows:

[STATE:]  All Right.  How was [T.A.] doing that morning?

[WITNESS:]  That morning she got on, she was – she wasn’t happy like she always got on.  She was – like she was face down and I had – she didn’t say good morning like she always do.  So I said, “What’s wrong with you [T.A.]?” “Nothing.”  Said, “Are you all right?”  She said, “Yes.”  Well, then we went on a little bit longer and then that’s when she had told me that her daddy had tried to rape her.

[DEFENSE COUNSEL]:  Objection, Your Honor, hearsay.

THE COURT:  Sustained.

[DEFENSE COUNSEL]:  And we ask that be stricken.

[STATE:]  Okay.  Ma’am, we’re not allowed to go into what Tiffany told you right now, okay?

The trial court did not respond to appellant’s request that the statement be stricken, and the State continued to question King about the events of that day.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998)  (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.  
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 
 The record here reveals that the trial court sustained counsel’s hearsay objection but did not expressly rule on counsel’s request that the testimony be stricken.

The proper method of preserving error for the admission of improperly offered evidence is for appellant’s counsel to: (1) state a timely, specific objection; (2) obtain a ruling on the objection; (3) move for an instruction for the jury to disregard; (4) obtain a ruling on the instruction, and if sustained, have the jury instructed; (5) move for a mistrial; and (6) obtain a ruling on the motion for mistrial. 
 See Hadden v. State,
 829 S.W.2d 838, 841 (Tex. App.—Corpus Christi 1992, pet. ref’d). 
 We recognize that appellant’s trial counsel did not move to have the jury disregard King’s testimony, but instead asked the trial court to “strike” the testimony.  Even assuming that the trial court believed appellant’s request to actually be for the jury to disregard, appellant did not pursue this request to an adverse ruling.

To determine if an issue has been preserved, a court must look to whether an adverse express or implied ruling was made.  
Montanez v. State
, 195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (stating the record must sufficiently reflect the trial court ruled adversely on a motion in order to raise a complaint on appeal); 
Gutierrez v. State
, 36 S.W.3d 509, 511 (Tex. Crim. App. 2001). 
 Here, the trial court did not make an express ruling.  However, a trial court’s ruling on a matter need not be expressly stated if its “actions or other statements otherwise unquestionably indicate a ruling.” 
 Rey v. State
, 897 S.W.2d 333, 336 (Tex. Crim. App. 1995)  (holding that the record showed that the trial court made an implied ruling when appellant twice requested the court to make a ruling, then stated for the record that the court had denied his motion); 
see also Castro v. State
, 202 S.W.3d 348, 352 (Tex. App.—Fort Worth 2006, pet. ref’d) (holding that even though there was no express ruling on the motion to suppress, the trial court implicitly gave an adverse ruling by stating that appellant could appeal the decision).

Appellant only made the single request to strike King’s answer and did not pursue his request to an adverse ruling.  Further, there was no action taken by the trial court to indicate a ruling.  
See Grayson v. State
, 192 S.W.3d 790, 793 (Tex. App.—Houston [1st
 Dist.] 2006, no pet.) (holding that no error was preserved for appellate review when the trial court’s response to appellant’s objection was “Let’s proceed,” and appellant did not pursue his objection to an adverse ruling but remained silent).  Because appellant did not pursue his request to an adverse ruling, and because the trial court made no express or implied adverse ruling, the trial court’s failure to strike this testimony was not preserved for appellate review.  
Tex. R. App. P.
 33.1(a)(2).  

Accordingly, we overrule appellant’s first issue.  

IV.  Appellant’s Factual Sufficiency Challenges

In his second, third, and fourth issues, appellant asserts that the evidence is factually insufficient to support the jury’s finding that he touched T.A.’s breast, that he touched T.A.’s genitals, and that he intentionally or knowingly caused his sexual organ to touch T.A.’s sexual organ with the intent to arouse or gratify his or T.A’s sexual desire. 

A. Standard of Review

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict
.  
Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”
 
 Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.”  
Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.

B. Applicable Law

A person commits indecency with a child if, with a child younger than seventeen and not the person’s spouse, the person engages in sexual contact with the child or causes the child to engage in sexual contact.  
Tex. Penal Code Ann.
 § 21.11(a)(1) (Vernon 2003)
.  
“Sexual contact” means any touching by a person or any touching of any part of the body of a child with the intent to arouse or gratify the sexual desire in any person. 
 Id
.
 
§
 21.11(c)
; see Santos v. State
, 961 S.W.2d 304, 308 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d).

A person commits aggravated sexual assault of a child if he intentionally or knowingly causes the sexual organ of a child to contact the sexual organ of another person, including the actor. 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(iii) (Vernon Supp. 2006); 
see Zuniga v. State
, 811 S.W.2d 177,178-79 (Tex. App.—San Antonio 1991, no pet.). 

C. Analysis

During the CPS investigation, Virginia Caldwell, a registered nurse and sexual assault examiner at Cook Children’s Hospital
, spoke with T.A. at length. At the time of trial, Caldwell had been a sexual assault nurse for twelve years and had conducted over a thousand sexual assault exams.  
Caldwell testified that she used anatomical drawings of an adult male and a teenage female to determine whether T.A. had been sexually abused. 
 Caldwell 
stated that by pointing to these drawings, T.A. indicated that appellant had touched her breasts.  Further, when Caldwell asked T.A. if appellant had touched and fondled her breasts, T.A. said “yes.”  T.A. also told Caldwell that her clothes were off when appellant touched her.  
Appellant provided no evidence contradicting Caldwell’s testimony.

While she was questioning T.A., Caldwell asked if someone had touched T.A. in a way she did not like.  T.A. responded that her “daddy” touched her and pointed to her genital area. 
 Caldwell asked her if it happened one time, a few times, or a lot, and T.A. responded with “a lot.”  Caldwell also stated that, in response to the question of where appellant touched T.A., T.A. pointed to the genital area on the female drawing.  T.A. also pointed to the penis and hand on the male drawing when Caldwell asked T.A. to show what appellant used to touch her.  Further, when asked if appellant had put his mouth anywhere on her body, T.A. pointed to the genital area on the female drawing. 

Appellant made statements to CPS and to the Fort Worth Police Department admitting that he put his penis in T.A.’s vagina because he believed T.A. was Alisha Hampton, his wife and T.A.’s stepmother.  Alisha expressed her doubt regarding appellant’s mistake and only stated that she “wanted to believe him.”
  Further, at the time of the incident, Alisha and T.A. had significant physical differences.  For one, Alisha was five months pregnant, and she testified that she “blew up like a pufferfish.  You couldn’t miss it.”  Also, T.A. is African American while Alisha is white.  
T.A. also pointed to the penis on the male drawing when Caldwell asked T.A. to show her what appellant used to touch her.
(footnote: 2) 

A
ppellant first contends that the evidence is factually insufficient to find that he touched T.A.’s breast and genitals with the intent to arouse or gratify his sexual desire.  Specifically, appellant argues that because the State did not show when, where, how, or in what context the touching occurred, the evidence does not support the jury’s finding that he intended to arouse or gratify his own sexual desire by touching T.A.

The requisite specific intent to arouse or gratify the sexual desire of any person may be inferred from a defendant’s conduct.  
McKenzie v. State
, 617 S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981) (holding that even though defendant said he touched a child’s genitals to see if they were clean, the jury had significant evidence to conclude that defendant intended to arouse and gratify his sexual desire); 
Scott v. State
, 202 S.W.3d 405, 408 (Tex. App.—Texarkana 2006, pet. ref’d);
 Couchman v. State
, 3 S.W.3d 155, 163 (Tex. App.— Fort Worth 1999, pet. ref’d)
.
 
 Here, T.A. told Caldwell that appellant touched her  “a lot.”  Appellant provided no reason for this touching.  Regardless, the jury could have inferred appellant’s intent to arouse himself from the frequent touching of T.A.  
See McKenzie
, 617 S.W.2d at 216.  

Appellant also argues that the evidence does not show that he intentionally or knowingly caused his sexual organ to contact T.A.’s genitals.  
See 
Tex. Penal Code Ann.
 § 22.021(a)(1)(B)(iii).
  Appellant points out Alisha’s testimony that, at the time he penetrated T.A., the bedroom was dark, there were curtains over the window, and T.A. was fully dressed when she emerged.  
Further, T.A. tested positive for chlamydia and gonorrhea while appellant only tested positive for chlamydia.  
Appellant also asserts that Alisha’s pregnancy was not obvious to him. 

In determining factual sufficiency, we look to whether the conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust. 
 Watson
, 204 S.W.3d at 414-15, 417; 
Johnson
, 23 S.W.3d at 11. 
 Appellant’s statements to CPS and the police, coupled with Alisha’s and Caldwell’s testimonies, provided the jury with sufficient evidence to determine that appellant intentionally or knowingly caused his sexual organ to touch T.A.’s sexual organ.
  See Watson
, 204 S.W.3d at 414-15, 417; 
Johnson
, 23 S.W.3d at 11. 

After viewing all of the evidence in a neutral light, we hold that the evidence is factually sufficient to support the jury’s finding that appellant 
touched T.A.’s breast, touched T.A.’s genitals, and intentionally or knowingly caused his sexual organ to touch T.A.’s sexual organ with the intent to arouse or gratify his own sexual desire. 
 
See Watson
, 204 S.W.3d at 414-15, 417; 
Johnson
, 23 S.W.3d at 11. 
 Accordingly, we overrule appellant’s second, third, and fourth issues.

V.  Conclusion

Having overruled appellant’s four issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: LIVINGSTON, J.; CAYCE, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 8, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
As part of his fourth issue, appellant asserts the defense of mistake of fact, arguing that he did not realize the child was not his wife and therefore did not possess the required mental state.  How
ever, we agree with the State that this defense is not part of our sufficiency review because appellant did not present this argument to the jury. 
 See
 
Posey v. State
, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998).

Even if there is evidence that raises an unrequested defensive issue, the defendant must request the instruction be in the jury charge if it is to apply to the case.  
Id.
 (holding a defensive issue is not applicable to the case unless defendant timely requests the issue in the jury charge)
; Hernandez v. State
, 10 S.W.3d 812, 822 (Tex. App.—Beaumont 2000, pet. ref’d) (holding that a defensive issue does not become applicable to the case until the defendant requests a jury charge on that issue).  Here, appellant failed to request the defense of mistake of fact.