COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-415-CR

 

 

JERRY HAMPTON                                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Jerry Hampton
appeals his conviction and fifteen-year sentence for aggravated sexual assault
of a child and ten-year probated sentence for indecency by contact.  In four issues, appellant asserts that the trial
court erred by failing to strike the hearsay testimony of Lucy King and that
the evidence was factually insufficient to support the jury=s findings that he touched the child=s breast, touched the child=s genitals, and intentionally or knowingly caused his sexual organ to
touch the child=s sexual
organ.  We affirm.      

II.  Background Facts

Appellant is T.A.=s father.  At the time of the
alleged incidents, T.A. was a thirteen-year-old girl who functioned on the
mental level of a six year old.  In March
2004, after speaking with T.A., T.A.=s school counselor and teacher=s assistant alerted the Fort Worth Police Department and Child
Protective Services (CPS) that T.A. may have been sexually abused.  On March 8, 2004, CPS began an investigation
and, by interviewing T.A., discovered facts indicating that she had been
sexually abused by appellant.  On March
15, 2004, appellant met with CPS and provided a written statement that he was
in bed asleep when he rolled over on T.A. and, believing her to be his wife,
put his penis in her vagina.  Appellant
gave a similar statement to the Fort Worth Police Department. 

III.  Appellant=s Request to Strike Lucy King=s Answer








In his first issue, appellant
contends that the trial court erred by failing to strike the hearsay testimony
of Lucy King, T.A.=s bus
attendant.  Specifically, appellant
claims that he obtained an implicit adverse ruling thereby preserving error on
his request to strike King=s answer.  The State argues that
appellant did not preserve error because he failed to pursue the objection to
an adverse ruling.  The discussion at
issue is as follows:

[STATE:]  All Right. 
How was [T.A.] doing that morning?

[WITNESS:] 
That morning she got on, she was B she wasn=t
happy like she always got on.  She was B like
she was face down and I had B she didn=t say
good morning like she always do.  So I
said, AWhat=s wrong
with you [T.A.]?@ ANothing.@  Said, AAre you all right?@  She said, AYes.@  Well, then we went on a little bit longer and
then that=s
when she had told me that her daddy had tried to rape her.

 

[DEFENSE
COUNSEL]:  Objection, Your Honor,
hearsay.

THE
COURT:  Sustained.

[DEFENSE
COUNSEL]:  And we ask that be stricken.

[STATE:] 
Okay.  Ma=am,
we=re
not allowed to go into what Tiffany told you right now, okay?

 

The trial court did not respond to appellant=s request that the statement be stricken, and the State continued to
question King about the events of that day.








To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion. 
Tex. R. App. P.
33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App.
1998)  (op. on reh=g), cert.
denied, 526 U.S. 1070 (1999). 
Further, the trial court must have ruled on the request, objection, or
motion, either expressly or implicitly, or the complaining party must have
objected to the trial court=s refusal to
rule.  Tex.
R. App. P. 33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex.
Crim. App. 2004).  The record here reveals that the trial court
sustained counsel=s hearsay
objection but did not expressly rule on counsel=s request that the testimony be stricken.

The proper
method of preserving error for the admission of improperly offered evidence is
for appellant=s counsel to: (1) state a timely, specific
objection; (2) obtain a ruling on the objection; (3) move for an instruction
for the jury to disregard; (4)
obtain a ruling on the instruction, and if sustained, have the jury instructed;
(5) move for a mistrial; and (6) obtain a ruling on the motion
for mistrial.  See Hadden v. State,
829 S.W.2d 838, 841 (Tex. App.CCorpus Christi
1992, pet. ref=d).  We recognize that appellant=s trial counsel did not move to have the jury disregard King=s testimony, but instead asked the trial court to Astrike@ the
testimony.  Even assuming that the trial
court believed appellant=s request to
actually be for the jury to disregard, appellant did not pursue this request to
an adverse ruling.








To determine if an issue has
been preserved, a court must look to whether an adverse express or implied
ruling was made.  Montanez v. State,
195 S.W.3d 101, 104 (Tex. Crim. App. 2006) (stating the record must
sufficiently reflect the trial court ruled adversely on a motion in order to
raise a complaint on appeal); Gutierrez v. State, 36 S.W.3d 509, 511
(Tex. Crim. App. 2001).  Here, the trial
court did not make an express ruling. 
However, a trial court=s ruling on a matter need not be expressly stated if its Aactions or other statements otherwise unquestionably indicate a
ruling.@  Rey v. State, 897
S.W.2d 333, 336 (Tex. Crim. App. 1995) 
(holding that the record showed that the trial court made an implied
ruling when appellant twice requested the court to make a ruling, then stated
for the record that the court had denied his motion); see also Castro v.
State, 202 S.W.3d 348, 352 (Tex. App.CFort Worth 2006, pet. ref=d) (holding that even though there was no express ruling on the motion
to suppress, the trial court implicitly gave an adverse ruling by stating that
appellant could appeal the decision).








Appellant only made the
single request to strike King=s answer and did not pursue his request to an adverse ruling.  Further, there was no action taken by the
trial court to indicate a ruling.  See
Grayson v. State, 192 S.W.3d 790, 793 (Tex. App.CHouston [1st Dist.] 2006, no pet.) (holding that no error was
preserved for appellate review when the trial court=s response to appellant=s objection was ALet=s proceed,@ and
appellant did not pursue his objection to an adverse ruling but remained
silent).  Because appellant did not
pursue his request to an adverse ruling, and because the trial court made no
express or implied adverse ruling, the trial court=s failure to strike this testimony was not preserved for appellate
review.  Tex. R. App. P. 33.1(a)(2). 


Accordingly, we overrule
appellant=s first
issue.  

IV.  Appellant=s Factual Sufficiency Challenges

In his second, third, and
fourth issues, appellant asserts that the evidence is factually insufficient to
support the jury=s finding
that he touched T.A.=s breast,
that he touched T.A.=s genitals,
and that he intentionally or knowingly caused his sexual organ to touch T.A.=s sexual organ with the intent to arouse or gratify his or T.A=s sexual desire. 

A. Standard of Review








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.

In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

 








B. Applicable Law

A person commits indecency
with a child if, with a child younger than seventeen and not the person=s spouse, the person engages in sexual contact with the child or
causes the child to engage in sexual contact. 
Tex. Penal Code Ann. ' 21.11(a)(1) (Vernon 2003).  ASexual contact@ means any
touching by a person or any touching of any part of the body of a child with
the intent to arouse or gratify the sexual desire in any person.  Id. ' 21.11(c); see Santos v. State, 961 S.W.2d 304, 308 (Tex. App.CHouston [1st Dist.] 1997, pet. ref=d).

A person commits aggravated
sexual assault of a child if he intentionally or knowingly causes the sexual
organ of a child to contact the sexual organ of another person, including the
actor. Tex. Penal Code Ann. ' 22.021(a)(1)(B)(iii) (Vernon Supp. 2006); see Zuniga v. State,
811 S.W.2d 177,178-79 (Tex. App.CSan Antonio 1991, no pet.). 

C. Analysis








During the CPS investigation,
Virginia Caldwell, a registered nurse and sexual assault examiner at Cook
Children=s Hospital, spoke with T.A. at length. At the time of trial, Caldwell
had been a sexual assault nurse for twelve years and had conducted over a
thousand sexual assault exams.  Caldwell
testified that she used anatomical drawings of an adult male and a teenage
female to determine whether T.A. had been sexually abused.  Caldwell stated that by pointing to these
drawings, T.A. indicated that appellant had touched her breasts.  Further, when Caldwell asked T.A. if
appellant had touched and fondled her breasts, T.A. said Ayes.@  T.A. also told Caldwell that her clothes were
off when appellant touched her. 
Appellant provided no evidence contradicting Caldwell=s testimony.

While she was questioning
T.A., Caldwell asked if someone had touched T.A. in a way she did not
like.  T.A. responded that her Adaddy@ touched her
and pointed to her genital area. 
Caldwell asked her if it happened one time, a few times, or a lot, and
T.A. responded with Aa lot.@  Caldwell also stated that, in
response to the question of where appellant touched T.A., T.A. pointed to the
genital area on the female drawing.  T.A.
also pointed to the penis and hand on the male drawing when Caldwell asked T.A.
to show what appellant used to touch her. 
Further, when asked if appellant had put his mouth anywhere on her body,
T.A. pointed to the genital area on the female drawing. 








Appellant made statements to
CPS and to the Fort Worth Police Department admitting that he put his penis in
T.A.=s vagina because he believed T.A. was Alisha Hampton, his wife and
T.A.=s stepmother.  Alisha expressed
her doubt regarding appellant=s mistake and only stated that she Awanted to believe him.@  Further, at the time of the
incident, Alisha and T.A. had significant physical differences.  For one, Alisha was five months pregnant, and
she testified that she Ablew up like
a pufferfish.  You couldn=t miss it.@  Also, T.A. is African American while Alisha
is white.  T.A. also pointed to the penis
on the male drawing when Caldwell asked T.A. to show her what appellant used to
touch her.[2]


Appellant first contends that
the evidence is factually insufficient to find that he touched T.A.=s breast and genitals with the intent to arouse or gratify his sexual
desire.  Specifically, appellant argues
that because the State did not show when, where, how, or in what context the
touching occurred, the evidence does not support the jury=s finding that he intended to arouse or gratify his own sexual desire
by touching T.A.








The requisite specific intent
to arouse or gratify the sexual desire of any person may be inferred from a
defendant=s
conduct.  McKenzie v. State, 617
S.W.2d 211, 216 (Tex. Crim. App. [Panel Op.] 1981) (holding that even though
defendant said he touched a child=s genitals to see if they were clean, the jury had significant
evidence to conclude that defendant intended to arouse and gratify his sexual
desire); Scott v. State, 202 S.W.3d 405, 408 (Tex. App.CTexarkana 2006, pet. ref=d); Couchman v. State, 3 S.W.3d 155, 163 (Tex. App.C Fort Worth 1999, pet. ref=d).  Here, T.A. told
Caldwell that appellant touched her  Aa lot.@  Appellant provided no reason for this
touching.  Regardless, the jury could
have inferred appellant=s intent to
arouse himself from the frequent touching of T.A.  See McKenzie, 617 S.W.2d at 216.  

Appellant also argues that
the evidence does not show that he intentionally or knowingly caused his sexual
organ to contact T.A.=s
genitals.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(iii). 
Appellant points out Alisha=s testimony that, at the time he penetrated T.A., the bedroom was
dark, there were curtains over the window, and T.A. was fully dressed when she
emerged.  Further, T.A. tested positive
for chlamydia and gonorrhea while appellant only tested positive for chlamydia.  Appellant also asserts that Alisha=s pregnancy was not obvious to him. 








In determining factual
sufficiency, we look to whether the conflicting evidence so greatly outweighs
the evidence supporting the conviction that the fact-finder=s determination is manifestly unjust.  Watson, 204 S.W.3d at 414-15, 417; Johnson,
23 S.W.3d at 11.  Appellant=s statements to CPS and the police, coupled with Alisha=s and Caldwell=s
testimonies, provided the jury with sufficient evidence to determine that
appellant intentionally or knowingly caused his sexual organ to touch T.A.=s sexual organ.  See Watson,
204 S.W.3d at 414-15, 417; Johnson, 23 S.W.3d at 11. 

After viewing all of the
evidence in a neutral light, we hold that the evidence is factually sufficient
to support the jury=s finding
that appellant touched T.A.=s breast, touched T.A.=s genitals, and intentionally or knowingly caused his sexual organ to
touch T.A.=s sexual
organ with the intent to arouse or gratify his own sexual desire.  See Watson, 204 S.W.3d at 414-15, 417;
Johnson, 23 S.W.3d at 11. 
Accordingly, we overrule appellant=s second, third, and fourth issues.

V.  Conclusion

Having overruled appellant=s four issues, we affirm the trial court=s judgment.

PER CURIAM

PANEL F:    LIVINGSTON, J.;
CAYCE, C.J.; and DAUPHINOT, J.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: March 8, 2007











[1]See Tex. R. App. P. 47.4.





[2]As part
of his fourth issue, appellant asserts the defense of mistake of fact, arguing
that he did not realize the child was not his wife and therefore did not
possess the required mental state. 
However, we agree with the State that this defense is not part of our
sufficiency review because appellant did not present this argument to the jury.
 See Posey v. State, 966
S.W.2d 57, 62 (Tex. Crim. App. 1998).

Even if there is evidence that raises an unrequested defensive issue,
the defendant must request the instruction be in the jury charge if it is to
apply to the case.  Id. (holding a
defensive issue is not applicable to the case unless defendant timely requests
the issue in the jury charge); Hernandez v. State, 10 S.W.3d 812, 822
(Tex. App.CBeaumont
2000, pet. ref=d)
(holding that a defensive issue does not become applicable to the case until
the defendant requests a jury charge on that issue).  Here, appellant failed to request the defense
of mistake of fact.